[No. B085339. Second Dist., Div. Four. Sept. 21, 1994.]

20TH CENTURY INSURANCE COMPANY et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ELIAS FIGUEROA ARANA et al., Real Parties in Interest.

## COUNSEL

Morris, Polich & Purdy, Douglas J. Collodel and Richard H. Nakamura, Jr., for Petitioners.

No appearance for Respondent.

Fonda & Garrard and David M. Samuels for Real Parties in Interest.

---

## OPINION

**EPSTEIN, Acting P. J.**—We granted an alternative writ of mandate in this case to decide a single issue: the validity of the policy of the Los Angeles Superior Court Appellate Department that the time to file a notice of appeal runs from the date the clerk mails a notice of *ruling*. We conclude the policy is invalid because it conflicts with California Rules of Court, rule 122, which governs the subject. Under that provision, the 30-day time period runs from a clerk's notice of *entry* of an appealable order. Relying on its policy, the appellate department dismissed the petitioners' appeal in this case. We shall direct the respondent court to set aside that order and proceed with the appeal.[1]

### FACTUAL AND PROCEDURAL SUMMARY

We take the facts and procedural history of the case from court documents, as set out in the appendix to the petition for extraordinary relief.[2]

20th Century Insurance Company, the principal petitioner in this matter, insured Daniel Silva Arevalo, the defendant in the underlying case and one of the real parties in this writ review. The underlying case arises out of an alleged motor vehicle personal injury accident that occurred on December 5, 1990. The plaintiffs in that action, also real parties in this writ proceeding, alleged personal injuries and injury to property as a result of Arevalo's operation of a motor vehicle. Their action was filed in the Los Angeles Municipal Court.

20th Century arranged for legal representation of its insured. Counsel appointed for that defense filed an answer consisting of a general denial and several affirmative defenses. As the case proceeded, plaintiffs deposed Arevalo. He asserted his self-incrimination privilege in refusing to answer questions about the accident. He persisted in that position even though ordered to answer questions on which he had interposed the privilege. On

---

[1]In reaching this decision we express no opinion on the merits of any of the issues on appeal. Our declining to do so should not be taken as an intimation of how any of those issues should be resolved; they are simply not before us.

[2]While counsel for real parties in interest appeared for oral argument, they filed no brief or memorandum in opposition to the petition for writ of mandate.

plaintiffs' motion for sanctions under the Civil Discovery Act of 1986 (Code Civ. Proc., § 2023, subds. (a)(7) and (b)(4)(A) and § 2025, subd. (o)) the court struck Arevalo's answer and directed that his default be entered. The court's order was made on October 5, 1992, with a stated effective date of September 30, 1992.

20th Century filed an ex parte motion to intervene pursuant to Code of Civil Procedure section 387. It alleged that in light of the striking order and an anticipated default (apparently it was unaware that a default already had been entered) and likely prove-up and judgment, intervention was necessary to protect its own interests and those of its insured. The motion was supported by points and authorities, a proposed complaint in intervention and an order granting the motion. The ex parte application was denied on the ground that the relief sought should be solicited by noticed motion.

The motion and supporting papers were essentially refiled by way of noticed motions (for leave to intervene and to vacate the default) on January 8, 1993. The motions were opposed by the plaintiffs. The trial court denied the motions at a March 18, 1993, hearing. It also imposed $1,750 in sanctions against 20th Century's attorney. It agreed to stay these orders pending appeal by 20th Century.

Five days later, on March 23, 1993, the municipal court clerk mailed a "Clerk's Notice of Ruling" to counsel (for plaintiffs, defendant Arevalo, and 20th Century). In the notice the clerk enclosed copies of two minute orders. The first recorded denial of 20th Century's motion for leave to intervene. The second stated that 20th Century's motion to vacate the default had been denied, that $1,750 in monetary sanctions against the company's attorneys had been imposed, and that these orders were suspended pending appeal. Neither copy of minute order was file-stamped. Each recited, erroneously, that notice of the ruling had been waived.[3]

Notwithstanding this notification, on April 13, 1993, the court made a formal order denying the motions for leave to intervene and to set aside the default, imposing sanctions, and staying all proceedings.

Petitioners filed their notice of appeal on April 30, 1993. Over a year later they received a notification from the administrator of the appellate department stating that the presiding judge of the department had directed that

---

[3]The reporter's transcript of the hearing does not reflect any request for waiver of notice by the court or any party, or that notice was waived by anyone. We conclude that the minute orders are incorrect and that notice was not waived. (See *People* v. *Wilshire Ins. Co.* (1977) 67 Cal.App.3d 521, 528 [136 Cal.Rptr. 693].)

petitioners be informed that "it appears from a review of the record in the above referenced matter that the appeal was not timely filed" because the appeal was from a March 18, 1993, order as to which notice was waived, with the result that the April 30, 1993, notice of appeal was 11 days late. *Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660 [125 Cal.Rptr. 757, 542 P.2d 1349] and California Rules of Court, rules 122 and 123 were cited as authority. Petitioners were invited to respond to the notification within 30 days, and were warned that if they did not, or if their response was deemed lacking in merit, the court would dismiss the appeal on its own motion.

Petitioners responded to the notification on June 10, 1994, pointing out that there had been no waiver of notice and arguing that their appeal was timely under rule 122 of the California Rules of Court. The appellate department's disposition, and the reason for the instant petition, came in its June 28, 1994, order. In it, the court stated that "[i]t is the policy of this court to treat a 'Clerk's Notice of Ruling' as a 'Notice of Entry' for purposes of an appealable order pursuant to California Rules of Court, rule 122(b) [*sic*]." Accordingly, the court dismissed the appeal.

Petitioners requested our intervention. We issued an alternative writ of mandate and stay on July 18, 1994. We now issue the requested writ of mandate.

## DISCUSSION

The time within which a notice of appeal must be filed from the judgment or appealable order of a justice or municipal court is governed by California Rules of Court, rule 122:[4]

"(a) [Normal time] Except as otherwise provided by statute or rule 123, a notice of appeal shall be filed on or before the earliest of the following dates: (1) 30 days after the date of mailing by the clerk of the court of a document entitled 'notice of entry' of judgment or appealable order; (2) 30 days after the date of service of a document entitled 'notice of entry' of judgment or appealable order by any party upon the party filing the notice of appeal, or by the party filing the notice of appeal; or (3) 90 days after the date of entry of the judgment. For the purposes of this subdivision, a file-stamped copy of the judgment or appealable order may be used in place of the document entitled 'notice of entry.'

---

[4]Rule 123, referenced in rule 122(a), concerns extensions of time in the circumstances of new trial motions, motions to vacate, and cross-appeals. It has no application to the issues before us in this proceeding.

"(b) [What constitutes entry] For the purposes of this rule: (1) The date of entry of a judgment shall be the date of its entry in the minute book or docket unless the entry expressly directs that a written order be prepared, signed and filed in which case the date or entry shall be the date of filing of the signed order. (2) The date of entry of an order which is not entered in the minutes or docket shall be the date of filing of the order signed by the court.

"(c) [Premature notice] A notice of appeal filed prior to entry of the judgment, but after its rendition, shall be valid and shall be deemed to have been filed immediately after entry. A notice of appeal filed prior to rendition of the judgment, but after the judge has announced his intended ruling, may, in the discretion of the reviewing court for good cause, be treated as filed immediately after entry of the judgment."

Since there is no indication or claim of notice by a party, the critical portions of the rule for this case are the first and third of the three alternative periods specified by subdivision (a). If the first does not apply, the time for appeal falls within the third, a catch-all permitting the appeal to be filed within 90 days of the entry of judgment. There is no question but that the April 30, 1993, notice of appeal satisfied the 90-day provision. The question is whether the 30-day period specified by the first alternative provision was set in motion.

That provision is explicit and unambiguous. An appealing party must file its notice of appeal within 30 days of the date the court clerk mails "a document entitled 'notice of entry' of judgment or appealable order." It also provides that a file-stamped copy of the order may be used (i.e., mailed by the clerk) in place of the "notice of entry" document.

The document mailed by the clerk was captioned "notice of ruling," not "notice of entry." On its face it failed to satisfy the specific requirement of the first alternative provision of rule 122(a) of the California Rules of Court. It attached copies of the minute orders, but neither order bore a file stamp— the alternative manner of satisfying the first alternative.

It follows that the 30 days from clerk's notice of entry provision of California Rules of Court, rule 122(a) did not affect the time within which to file a notice of appeal in this case. The court reached the same result under the analogous provision governing the time for appeal from judgments and appealable orders of the superior court, in *Hughey* v. *City of Hayward* (1994) 24 Cal.App.4th 206 [30 Cal.Rptr.2d 678]. In that case, the court construed California Rules of Court, rule 2(a): "(a) [Normal time] Except as otherwise provided by Code of Civil Procedure section 870 or other statute or rule 3, a

notice of appeal from a judgment shall be filed on or before the earliest of the following dates: (1) 60 days after the date of mailing by the clerk of the court of a document entitled 'notice of entry' of judgment; (2) 60 days after the date of service of a document entitled 'notice of entry' of judgment by any party upon the party filing the notice of appeal, or by the party filing the notice of appeal; or (3) 180 days after the date of entry of the judgment. For the purposes of this subdivision, a file-stamped copy of the judgment may be used in place of the document entitled 'notice of entry.' "

In *Hughey*, "[t]he superior court clerk mailed the parties a copy of the minute order, but that mailing did not commence the 60-day appeal period, because the document was not entitled 'notice of entry' and was not file-stamped. . . . Thus, the operative appeal period is 180 days after the date of entry." (24 Cal.App.4th at p. 210.)

The case of *Hollister Convalescent Hosp., Inc.* v. *Rico, supra*, 15 Cal.3d 660, cited in the appellate department administrator's letter, concerned rejection of the doctrine of estoppel to excuse a late filing of a notice of appeal. (*Id.* at p. 674.) It has no application to the issues before us, except to emphasize the jurisdictional nature of the rules governing time to appeal.

It might seem that the difference between a "notice of ruling" and a "notice of entry" is hypertechnical. In another context it might be. ■ But the *Hollister* case and other authority have reiterated the jurisdictional character of a timely notice of appeal. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, §§ 408-411, pp. 403-410.) Since the time within which an appeal must be filed is jurisdictional, rules that measure that time must stand by themselves without embroidery. The Judicial Council has promulgated a rule to guide counsel and courts: if the clerk sends out a document styled "notice of entry" of judgment or an appealable order, or sends out a date-stamped copy of the judgment or order, the 30-day period of the first alternative provision of California Rules of Court, rule 122(a) starts to run. Otherwise it does not.

■ Finally, we observe that courts are authorized to adopt rules "not inconsistent with law or with the rules adopted and prescribed by the Judicial Council." (Gov. Code, § 68070; see *Reygoza* v. *Superior Court* (1991) 230 Cal.App.3d 514, 521 [281 Cal.Rptr. 390].) The superior court is not authorized to promulgate a local rule, much less a "policy," inconsistent with rule 122. The policy referred to in the court's order falls into that category, and is invalid.

### DISPOSITION

Let a writ of mandate issue commanding the respondent court to set aside its order dismissing petitioners' appeal in the case of *Arana* v. *Arevalo* (No.

BV20349). Upon such issuance, the alternative writ of mandate previously issued in these appellate proceedings is discharged and the stay dissolved.

Vogel (C. S.), J., and Hastings, J., concurred.