[No. B178675. Second Dist., Div. One. Dec. 2, 2005.]

In re the Marriage of ANGELIKA AND BENEDIKT TASCHEN.
ANGELIKA TASCHEN, Respondent, v.
BENEDIKT TASCHEN, Appellant.

COUNSEL

Nachshin & Weston, Robert J. Nachshin; De Goff and Sherman, Richard Sherman and Victoria J. De Goff for Appellant.

Buter, Buzard, Dunaetz & Fishbein and Glenn S. Buzard for Respondent.

## OPINION

**ROTHSCHILD, J.**—Angelika Taschen, a German citizen, filed a petition for dissolution of her marriage to Benedikt Taschen, also a German citizen, in Los Angeles County Superior Court. Angelika[1] later moved to dismiss or stay the dissolution action on the grounds that Los Angeles is an inconvenient forum. The trial court granted the motion and stayed the action, and Benedikt appeals.

After rejecting Angelika's argument that the appeal is untimely, we hold that because Angelika is a party to the dissolution action, she had a statutory right to bring a forum non conveniens motion, and her motion was not barred by waiver or judicial estoppel. The trial court did not abuse its discretion in granting Angelika's motion, so we affirm the trial court's order.

### BACKGROUND

Angelika and Benedikt are citizens of Germany. They were married in Europe on September 23, 1996. Benedikt is the president of Taschen GmbH, a company headquartered in Germany but with offices in several other countries, including the United States. Angelika has been employed by Taschen GmbH for the last 17 years. Angelika and Benedikt own two homes in Los Angeles, and for several years they have lived part time in Germany and part time in Los Angeles.

---

[1] For the sake of clarity, we will refer to appellant and respondent by their first names.

In April 2003, Benedikt filed for divorce in Germany. Benedikt alleged that he and Angelika had been separated at least since March 2002. Angelika disputed that allegation, and she claims that as a result there were "concerns about whether the German courts would enter a judgment of divorce." (Benedikt asserts that a German court will not enter a judgment of divorce unless the couple has been separated for at least one year.) On September 3, 2003, Angelika petitioned for dissolution of marriage in Los Angeles County Superior Court. Benedikt subsequently dismissed the divorce action he had filed in Germany.

On January 30, 2004, Benedikt filed a motion to bifurcate the issue of marital status so that he could quickly obtain a judgment of dissolution, with the court reserving jurisdiction to determine all remaining issues, including property division. Benedikt sought an expedited dissolution because he wished to marry another woman and "move on with [his] life."

Angelika opposed Benedikt's motion because she feared that a dissolution judgment would jeopardize her immigration status. She claimed that her visa was "derivative and dependent upon" her marriage to Benedikt, who was "the primary visa holder." Angelika was consequently uncertain whether she would be able to remain in the United States after entry of a dissolution judgment, and she was concerned that her ability to litigate the rest of her dissolution action in Los Angeles would be impaired if she were forced to return to Germany. Angelika stated that "[t]he immigration issue" was "the only reason" she opposed Benedikt's bifurcation motion. At the same time, she requested that if the court were to grant the motion, it do so only on certain conditions, largely drawn from Family Code section 2337.

In response to Angelika's opposition, Benedikt argued that the immigration problem would be solved if Angelika were employed by Taschen America LLC (an American affiliate of Taschen GmbH), and Benedikt pledged to cooperate with Angelika in any way necessary for her to obtain an independent visa on that basis. Angelika expressed dissatisfaction with this approach, because she could be terminated at will under the employment contract that Taschen America LLC proposed, so her immigration status would remain insecure.

In the end, Benedikt resolved this issue to the trial court's satisfaction by attaching to the dissolution judgment an order that required Taschen America LLC to employ Angelika and not to terminate her until a further judgment on reserved issues is entered. The attachment to the dissolution judgment also included the other conditions that Angelika had requested, such as guarantees

concerning health insurance and pension benefits. The trial court entered the dissolution judgment, including the attachment reflecting all of the foregoing provisions, on June 30, 2004. Angelika never withdrew her opposition to Benedikt's bifurcation motion and did not consent to entry of the judgment.

Meanwhile, in the month before the judgment was entered, on May 19, 2004, Angelika filed a motion to dismiss or, in the alternative, to stay the entire action. Her grounds were that the court lacked jurisdiction and that Los Angeles was an inconvenient forum. The basis for her forum non conveniens argument was, in essence, that the valuation of Taschen GmbH would be one of the central property division issues, and numerous important witnesses and documents were located in Germany or elsewhere in Europe.

Benedikt opposed Angelika's forum non conveniens motion on several grounds. In addition to arguing that the motion failed on the merits because Los Angeles is not a seriously inconvenient forum, he argued that only defendants or respondents are permitted to file forum non conveniens motions, and that in any event Angelika's motion was barred by waiver, estoppel, and laches.

By minute order entered on July 13, 2004, the trial court denied Angelika's motion to dismiss but granted her motion to stay on grounds of inconvenient forum. The minute order directed the clerk to send copies of the order to both parties on July 13, 2004. The minute order also directed Angelika to prepare an appropriate order for the court's signature. Angelika complied, and the signed order was filed on August 13, 2004. Benedikt filed his notice of appeal on October 7, 2004.

## DISCUSSION

### 1. The Notice of Appeal Was Timely Filed

Angelika argues that Benedikt did not timely file his notice of appeal, and that we therefore lack jurisdiction to consider his appeal. We disagree.

The minute order entered on July 13, 2004, was an appealable order. (Code Civ. Proc., § 904.1, subd. (a)(3); see also *id.*, § 1003.) Thus, if the clerk had mailed or one of the parties had served either a file-stamped copy of that order or a document entitled "Notice of Entry" of the order, then Benedikt's notice of appeal would have been due within 60 days of the date of mailing or service. (Cal. Rules of Court, rule 2(a)(1), (2) & (f).) But neither the clerk

nor Angelika mailed such a document to Benedikt. His notice of appeal was therefore due within 180 days of the entry of the order. (Cal. Rules of Court, rule 2(a)(3) & (f).) Because the order itself directed that a separate written order be prepared, the entry date of the order, for purposes of determining the timeliness of Benedikt's notice of appeal, was not July 13, 2004, but rather was August 13, 2004, the date on which the subsequently prepared written order was filed. (Cal. Rules of Court, rule 2(d)(2).) Thus, Benedikt's deadline for filing his notice of appeal was 180 days from August 13, 2004. He filed the notice of appeal on October 7, 2004, well within the time allowed.

Angelika challenges this analysis in only one respect: She asserts that the copy of the order that the clerk mailed to both parties on July 13, 2004, was file stamped. That assertion is incorrect. The final page of the order displays a notation from the superior court clerk indicating that the order was entered in the minutes on July 13, 2004, but that notation is not a file stamp. Every order that is entered in the minutes bears such a notation of its entry. But minute orders are virtually never file stamped (see, e.g., *Hughey v. City of Hayward* (1994) 24 Cal.App.4th 206, 210 [30 Cal.Rptr.2d 678]), and this one was not.

Because the time limits for filing a notice of appeal are jurisdictional, we must apply rule 2(a)(1) of the California Rules of Court strictly and literally according to its terms; the rules "must stand by themselves without embroidery." (*20th Century Ins. Co. v. Superior Court* (1994) 28 Cal.App.4th 666, 672 [33 Cal.Rptr.2d 674].) Neither the clerk nor Angelika ever mailed a file-stamped copy of the minute order or a document entitled "Notice of Entry," so the 60-day deadline for filing a notice of appeal was never triggered. Benedikt filed his notice well within 180 days of August 13, 2004, so his appeal is timely.

### 2. A Petitioner Can Move to Dismiss or Stay on Grounds of Inconvenient Forum

Benedikt argues that the trial court erred when it even considered the merits of Anglika's forum non conveniens motion, because such motions can be made only by defendants or respondents. We disagree.

■ "A court may, in its discretion, choose to refrain from exercising its jurisdiction to hear a case if the case may be more appropriately tried elsewhere. (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 751 [1 Cal.Rptr.2d

556, 819 P.2d 14].) California codified this principle, known as forum non conveniens, in Code of Civil Procedure section 410.30." (*Chong v. Superior Court* (1997) 58 Cal.App.4th 1032, 1036 [68 Cal.Rptr.2d 427].) Code of Civil Procedure section 410.30, subdivision (a),[2] provides as follows: "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may by just." By its terms, the statute permits such a dismissal or stay to be sought by motion of *a party*, not just by motion of *a defendant* (or respondent, as in this case). The statute therefore allows Angelika, who is indisputably a party to this action, to bring such a motion.

■ In urging us to depart from the plain language of the statute and limit the use of forum non conveniens motions to defendants and respondents, Benedikt advances three principal arguments. First, he argues that the judicial development of the doctrine of forum non conveniens shows that courts created the doctrine to protect defendants, not plaintiffs, and that limiting its use to protection of defendants likewise makes sense as a matter of policy. Assuming arguendo that those points are correct, they do not alter our analysis, because in California forum non conveniens motions are governed by statute, not by policies embedded in case law predating the statute's enactment. Nor is it the function of the courts to second-guess the Legislature's policy judgments, or to rewrite the statute in conformity with preexisting common law. (See *California Fed. Savings & Loan Assn. v. City of Los Angeles* (1995) 11 Cal.4th 342, 349 [45 Cal.Rptr.2d 279, 902 P.2d 297]; *Whaley v. Sony Computer Entertainment America, Inc.* (2004) 121 Cal.App.4th 479, 486–487 [17 Cal.Rptr.3d 88].)

■ Second, Benedikt argues that the procedure for seeking to dismiss or stay an action on grounds of inconvenient forum is codified in section 418.10, which provides for motions by defendants but not by plaintiffs. The argument fails, because Benedikt mischaracterizes section 418.10. That section does not purport to set forth the exclusive procedure for forum non conveniens motions. Rather, the section is concerned with the means by which a defendant can object either to personal jurisdiction or to a plaintiff's choice of forum without either suffering a default (by failing to answer) or making a general appearance (by answering). The section deals with defendants alone

---

[2] Unless otherwise indicated, all subsequent statutory references are to the Code of Civil Procedure.

because those issues do not arise for plaintiffs—plaintiffs are not under a 30-day deadline to file a responsive pleading and are not at risk of default if they do not so plead. Every provision of section 418.10 is fully compatible with our plain-language construction of section 410.30, according to which a forum non conveniens motion may be made by a *party*, not just by a *defendant*.

Third, Benedikt discusses the legislative history of section 410.30.[3] But we need not consider the legislative history, because the language of section 410.30 is unambiguous. (*In re Steele* (2004) 32 Cal.4th 682, 694 [10 Cal.Rptr.3d 536, 85 P.3d 444].) Indeed, legislative history "cannot change the plain meaning of clear language." (*Ibid.*) In any event, we see nothing in the legislative history that casts doubt on our construction of the statute.

For similar reasons, we cannot accept Benedikt's alternative argument that if a plaintiff or petitioner is to be permitted to file a forum non conveniens motion, then the plaintiff or petitioner must support the motion by showing that circumstances have materially changed since the filing of the complaint or petition. The statute provides, without qualification, that *upon motion of a party* a trial court can dismiss or stay an action because of inconvenient forum. That statutory provision does not differentiate between plaintiffs and petitioners, on the one hand, and defendants and respondents, on the other, so we will not impose upon the former an absolute requirement which is obviously inappropriate for the latter, and which in any event has no basis in the statutory text. The existence of changed circumstances may well be a relevant factor for a trial court to consider in analyzing a plaintiff's or petitioner's inconvenient forum motion, but it is not an absolute requirement.

■ In sum, we reject Benedikt's arguments that forum non conveniens motions are unavailable to petitioners, or are available only upon a showing of changed circumstances. As a party to this action, Angelika had a right, under section 410.30, to move to dismiss or stay the action on grounds of inconvenient forum.

### 3. Waiver Does Not Bar Angelika's Motion

Benedikt argues that Angelika waived any right she had to seek to dismiss or stay this action on grounds of inconvenient forum. We disagree.

---

[3] Benedikt's request that we take judicial notice of the legislative history of section 410.30 is granted. (Evid. Code, §§ 452, subd. (c), 459.) We also grant his request that we take judicial notice of the judgment entered by a German court on April 21, 2005. (*Id.*, §§ 452, subd. (h), 459.)

■ "Generally, 'waiver' denotes the voluntary relinquishment of a known right." (*Platt Pacific, Inc. v. Andelson* (1993) 6 Cal.4th 307, 315 [24 Cal.Rptr.2d 597, 862 P.2d 158].) There appear to be only two acts of Angelika's that could possibly have constituted such acts of voluntary relinquishment. The first was Angelika's filing of her petition in Los Angeles County Superior Court. But the filing of a petition cannot itself constitute a waiver of the right to bring a forum non conveniens motion because, as we have already held, petitioners have a statutory right to file such motions.

The only other act of Angelika's that could arguably have constituted voluntary relinquishment was her request for protection of her immigration status if the court were to grant Benedikt's bifurcation motion. But in requesting that protection, Angelika did not actually seek to litigate the remainder of the case in Los Angeles. Rather, she argued that *if* the court were to grant the bifurcation motion *over her objection*, and *if* the case were to proceed in Los Angeles *over her objection*, then she would need protection of her immigration status in order to remain here and litigate effectively. It is impossible to construe Angelika's argument as a voluntary relinquishment of her right to bring a forum non conveniens motion. Moreover, the trial court's order requiring Taschen America LLC to employ Angelika in order to protect her immigration status cannot itself constitute an act of voluntary relinquishment *by Angelika*, because the order was entered without her consent and over her objection.[4]

Neither Angelika's filing of her petition nor her request for protection of her immigration status, nor any other act of hers, constituted a voluntary relinquishment of her right to bring a forum non conveniens motion. We therefore conclude that she did not waive her right to bring such a motion.

### 4. Judicial Estoppel Does Not Bar Angelika's Motion

In a similar vein, Benedikt argues that judicial estoppel should have prevented the trial court from granting Angelika's motion. Again, we disagree.

" ' "Judicial estoppel precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position. [Citations.] The doctrine's dual goals are to maintain the integrity of the judicial system and to protect parties from opponents' unfair strategies. [Citation.] Application of the doctrine is discretionary." '

---

[4] We note that on remand Benedikt is free to move the trial court to lift the stay in order to seek a modification of the order requiring Taschen America LLC to employ Angelika, now that protection of Angelika's immigration status is apparently no longer necessary.

[Citation.] The doctrine applies when '(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.' [Citation.]" (*Aguilar v. Lerner* (2004) 32 Cal.4th 974, 986–987 [12 Cal.Rptr.3d 287, 88 P.3d 24].)

Benedikt argues that because "Angelika asserted California was a convenient forum when she filed this action and when she obtained affirmative relief enabling her to remain in California to finish this litigation," she "must be judicially estopped from claiming California is an inconvenient forum." The filing of her petition cannot, however, judicially estop Angelika to deny that California is a convenient forum, because the Legislature has seen fit to give a petitioner a statutory right to bring a forum non conveniens motion. And when Angelika sought protection of her immigration status, she did not take a position that was "totally inconsistent" with the position taken in her inconvenient forum motion. As we have already explained, her position was this: *If* the court were to grant Benedikt's bifurcation motion, contrary to Angelika's wishes, and *if* the court were also to deny Angelika's forum non conveniens motion, also contrary to Angelika's wishes, then Angelika would need protection of her immigration status in order to remain in Los Angeles to litigate effectively. There is no inconsistency.

For these reasons, we reject Benedikt's claim of judicial estoppel.

### 5. The Trial Court Did Not Abuse Its Discretion in Granting Angelika's Motion

Finally, Benedikt argues that Angelika's motion should have been denied on the merits. We conclude that the trial court did not abuse its discretion in granting the motion.

A trial court's analysis of an inconvenient forum motion proceeds in two steps. The court must initially determine whether a suitable alternative forum exists outside California. If one does, then the court must consider the private interest of the litigants and the interest of the public in retaining the action in California. (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 751 [1 Cal.Rptr.2d 556, 819 P.2d 14].) "The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses. The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the

interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation." (*Ibid.*; see also *Great Northern Ry. Co. v. Superior Court* (1970) 12 Cal.App.3d 105, 113–115 [90 Cal.Rptr. 461] [listing 25 separate factors that may be considered].) The moving party bears the burden of proving that "California is a *seriously inconvenient* forum." (*Ford Motor Co. v. Insurance Co. of North America* (1995) 35 Cal.App.4th 604, 611 [41 Cal.Rptr.2d 342].)

Benedikt does not dispute that Germany is a suitable alternative forum, so his appeal focuses on the trial court's determination that California is a seriously inconvenient forum. That determination "is within the trial court's discretion" and is accorded "substantial deference" on appeal. (*Stangvik v. Shiley Inc.*, *supra*, 54 Cal.3d at pp. 751–752 & fn. 3.)[5] The trial court has not abused its discretion as long as its decision "is within the range of options available under governing legal criteria in light of the evidence before the tribunal." (*Cal-State Business Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1680 [16 Cal.Rptr.2d 417].) " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478–479 [243 Cal.Rptr. 902, 749 P.2d 339].)" (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 272 [279 Cal.Rptr. 576, 807 P.2d 418].)

We find no abuse of discretion here. The trial court considered the appropriate private and public interests and reasonably concluded that California is a seriously inconvenient forum. It is undisputed that Taschen GmbH is headquartered in Germany. Angelika introduced evidence that various necessary witnesses and documents are located in Germany, and that some of the documents are written in German. Angelika and Benedikt are German nationals and German domiciles, and there is no obvious reason why California taxpayers should bear the burden and expense of this litigation. Although the record also contains countervailing evidence and argument, we do not see any way in which the trial court's decision exceeded the bounds of reason or failed to respect governing legal criteria.

---

[5] Benedikt argues that the issue of whether California is a seriously inconvenient forum is a mixed question of law and fact but is predominantly legal, so it is subject to de novo review under the general principles set forth in *Crocker National Bank v. City and County of San Francisco* (1989) 49 Cal.3d 881, 888 [264 Cal.Rptr. 139, 782 P.2d 278]. We reject this argument because, as Benedikt himself acknowledges, the Supreme Court has held that the trial court's determination on this issue is reviewed for abuse of discretion. (*Stangvik v. Shiley Inc.*, *supra*, 54 Cal.3d at pp. 751–752 & fn. 3.)

## DISPOSITION

The trial court's order granting the motion to stay the action on grounds of inconvenient forum is affirmed. Respondent shall recover her costs on appeal.

Spencer, P. J., and Mallano, J., concurred.

A petition for a rehearing was denied December 20, 2005, and appellant's petition for review by the Supreme Court was denied February 22, 2006, S140099.