[No. B188995. Second Dist., Div. Five. Apr. 5, 2006.]

SUNSET MILLENNIUM ASSOCIATES, LLC, Plaintiff and Appellant, v. LE SONGE, LLC, et al., Defendants and Respondents.

## COUNSEL

Pircher, Nichols & Meeks, Jeffrey N. Brown and Alan S. Petlak for Plaintiff and Appellant.

Gaines & Stacey, Fred Gaines, Lisa A. Weinberg and Noelle V. Bensussen for Defendants and Respondents.

## OPINION

**TURNER, P. J.**—Defendant, LHO Grafton Hotel, L.P., has moved to dismiss the appeal of plaintiff, Sunset Millennium Associates, LLC. On November 1, 2005, in a 14-page minute order, the trial court granted defendant's Code of Civil Procedure section 425.16 special motion to strike several causes of action. Defendant argues that the service of the 14-page minute order, which on page 13 contains the words "notice of entry," triggered the 60-day time period to file the notice of appeal pursuant to California Rules of Court, rule 2(a)(1).[1] Because the 14-page minute order was not *entitled* "notice of entry," we deny defendant's dismissal motion.

On November 1, 2005, the trial court granted defendant's Code of Civil Procedure section 425.16 special motion to strike. The clerk mailed a 14-page minute order. Below the heading on each of the 14 pages of the minute order, the following appears: "**NATURE OF PROCEEDINGS:**" (Original capitalization and boldface.) The place for an indication of the nature of the proceedings is blank on all 14 pages. On page 13 of the 14-page minute order, the following appears below the heading and the reference to the nature of proceedings: "CLERK'S CERTIFICATE OF MAILING/ [¶] NOTICE OF ENTRY OF ORDER [¶] I, the below named Executive Officer/Clerk of the

---

[1] All future references to a rule are to the California Rules of Court.

above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 11-01-05 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid." Following the foregoing certificate is a listing of the name of the superior court clerk and the deputy clerk who actually mailed the 14-page minute order to the parties' counsel. The bottom of each page identifies the page number and the fact that the order was 14 pages long. For example, the bottom of page 1 of the order states, "Page 1 of 14."

The granting of the Code of Civil Procedure section 425.16 special motion to strike terminated the entire lawsuit as to defendant. Defense counsel submitted a proposed judgment which was signed by the trial court on December 9, 2005. On December 9, 2005, a deputy clerk mailed a copy of the signed judgment to the parties. Accompanying the signed judgment was a separate minute order, which below the heading on page one, states: **"NATURE OF PROCEEDINGS: [¶] NOTICE OF ENTRY OF JUDGMENT."** (Original capitalization and boldface.) Beneath this language, the minute order indicates: the judgment had been signed and entered; a partial dismissal was filed on December 7, 2005; and the final status conference date was vacated. Thereafter, still on page 1 of the minute order the following appears: "CLERK'S CERTIFICATE OF MAILING/ [¶] NOTICE OF ENTRY OF ORDER [¶] I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 12-9-2005 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid."

Following the service of the signed and entered judgment, the parties litigated the Code of Civil Procedure section 425.16, subdivision (c) attorney fees issue. On January 26, 2006, the trial court awarded defendant $77,514.50 in attorney fees. The same notice of entry form was used on January 26, 2006, as when the trial court ruled on the special motion to strike and notice of entry of judgment was given on November 1 and December 9, 2005. The only change in the January 26, 2006 minute order clerk's notice from the two prior occasions involves the insertion of a different date upon which the notice was mailed. The place on the January 26, 2006 minute order that follows the

"NATURE OF PROCEEDINGS:" notation indicates, "MOTION FOR ATTORNEY'S FEES." Defendant's notice of appeal was filed on January 31, 2006.

Defendant argues the January 31, 2006, notice of appeal was untimely filed based upon the following analysis. The November 1, 2005 order granting the special motion to strike was appealable. (Code Civ. Proc., §§ 425.16, subd. (i), 904.1, subd. (a)(13); *Barak v. The Quisenberry Law Firm* (2006) 135 Cal.App.4th 654, 658 [37 Cal.Rptr.3d 688]; *Vargas v. City of Salinas* (2005) 135 Cal.App.4th 361, 375 [37 Cal.Rptr.3d 506].) According to defendant, the November 1, 2005 minute order, with its "notice of entry" language of page 13 of its 14 pages, commenced the 60-day period to file the notice of appeal. (Rule 2(a)(1); *Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1248 [25 Cal.Rptr.3d 372]; *In re Marriage of Lechowick* (1998) 65 Cal.App.4th 1406, 1410 [77 Cal.Rptr.2d 395].) Therefore, defendant reasons the filing of the notice of appeal 61 days later on January 31, 2006, was untimely and the appeal must be dismissed. (*Adoption of Alexander S.* (1988) 44 Cal.3d 857, 862–864 [245 Cal.Rptr. 1, 750 P.2d 778]; *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349].) Plaintiff counters that December 9, 2005, is the relevant date. Plaintiff argues that the rule 2(a)(1) 60-day timeframe was triggered on December 9, 2005, when the file stamped judgment accompanied by a separate document entitled "NOTICE OF ENTRY OF JUDGMENT" on the first page of the minute order was served. If plaintiff is correct, the 60-day time period started to run on December 9, 2005, and the January 31, 2006 notice of appeal was timely.

■ We agree with plaintiff. The 14-page minute order with the notice of entry language on page 13 does not comply with the literal requirement that the document providing notice of entry be so *entitled*. The controlling provision of law is in rule 2: "(a) . . . [¶] Unless a statute or rule 3 provides otherwise, a notice of appeal must be filed on or before the earliest of: [¶] (1) 60 days after the superior court clerk mails the party filing the notice of appeal a document *entitled* 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was mailed . . . . [¶] (d) . . . [¶] For purposes of this rule: [¶] . . . [¶] (2) The entry date of an appealable order that is entered in the minutes is the date it is entered in the permanent minutes. But if the minute order directs that a written order be prepared, the entry date is the date the signed order is filed . . . ." (Italics added.) Rule 2(a)(1) expressly

provides that the document that triggers the 60-day time period to file a notice of appeal must be "entitled 'Notice of Entry.' " Within reason, rule 2 is read literally. (*In re Marriage of Taschen* (2005) 134 Cal.App.4th 681, 686 [36 Cal.Rptr.3d 286]; *20th Century Ins. Co. v. Superior Court* (1994) 28 Cal.App.4th 666, 672 [33 Cal.Rptr.2d 674] [rule 2 "must stand by [itself] without embroidery"]; *Estate of Crabtree* (1992) 4 Cal.App.4th 1119, 1122–1123 [6 Cal.Rptr.2d 224] [change in rule 2 read "literally"].) Placing the crucial notice of entry language on page 13 of 14 pages of an integrated minute order is not the same as *entitling* the document "Notice of Entry" as specified in rule 2(a)(1).

We agree with defendant there is authority for the proposition that no particular form is required to trigger the 60-day notice of appeal filing requirement under rule 2(a)(1). In the case of *In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 114 [95 Cal.Rptr.2d 113], the Court of Appeal held: "It is established law that a technical defect in the notice of entry of judgment cannot be invoked to avoid the rule 2(a) 60-day period for filing a notice of appeal, unless the defect was arguably so egregious as effectively to preclude any *actual notice* of entry of judgment. (*Delmonico v. Laidlaw Waste Systems, Inc.* (1992) 5 Cal.App.4th 81, 85–86 [6 Cal.Rptr.2d 599]; *National Advertising Co. v. City of Rohnert Park* (1984) 160 Cal.App.3d 614, 618–619 [206 Cal.Rptr. 696]; *Pacific City Bank v. Los Caballeros Racquet & Sports Club, Ltd.* (1983) 148 Cal.App.3d 223, 228 [195 Cal.Rptr. 776].)" Each of the cases cited in *Marriage of Eben-King* involves a technical defect in the notice such as a misstatement of the date the judgment was entered or the failure to attach a proof of service to the notice (something rule 2 does not even require). Neither *Marriage of Eben-King* nor the cases it cites involve the failure to entitle the crucial document using the mandated notice of entry language. More to the point, the failure to entitle the document using the crucial notice of entry language is not a matter of mere form; rule 2(a)(1) explicitly without any ambiguity requires the document be "entitled" notice of entry.

If the notice of entry language appeared on page 1 of a separate document, as distinguished from page 13 of 14, the result would potentially be different. Further, if the notice of entry language was on page 1 below the "**NATURE OF PROCEEDINGS:**" language, rather than on page 13, again the result would be different. The use of metaphor and analogy is always a pedagogically risky business. With that cautionary thought in mind though, it is fair to say the title of a book is never at its end—the title is on

the cover. In this case, the same thought applies in a different context, the title of the document is not on page 13 of 14 pages.

The motion to dismiss the appeal is denied.

Armstrong, J., and Kriegler, J., concurred.