[No. B205969. Second Dist., Div. Five. May 29, 2009.]

BI-COASTAL PAYROLL SERVICES, INC., et al., Plaintiffs and Appellants,
v.
CALIFORNIA INSURANCE GUARANTEE ASSOCIATION, Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of the Factual Background and Discussion, part B.

## COUNSEL

Roxborough, Pomerance, Nye & Adriani, Nicholas P. Roxborough, Drew E. Pomerance, Anthony S. Khoury, Burton E. Falk; Roxborough, Pomerance & Nye and Michael H. Raichelson for Plaintiffs and Appellants.

Locke Lord Bissell & Liddell, C. Guerry Collins, William S. Davis and Conrad V. Sison for Defendant and Respondent.

## OPINION

### MOSK, J.—

#### INTRODUCTION

We issued an order to show cause regarding dismissal of the appeal as untimely, and the parties responded with letter briefs on the timeliness of the notice of appeal. We hold that plaintiffs' duty to file their notice of appeal arose from the service of their notice of entry of judgment, not the service of the trial court's earlier minute order, which order did not strictly comply with the requirements of California Rules of Court, rule 8.104(a)(1), and that their appeal is therefore timely. In the unpublished portion of this opinion, we hold that the trial court properly sustained the demurrer to the second, third and fourth causes of action because those claims are barred by *Isaacson v. California Ins. Guarantee Assn.* (1988) 44 Cal.3d 775 [244 Cal.Rptr. 655, 750 P.2d 297] (*Isaacson*), but that plaintiffs should be granted leave to amend to plead a cause of action for reimbursement as recognized in *Isaacson*.

#### PROCEDURAL BACKGROUND

On July 7, 2005, plaintiffs and appellants (plaintiffs)[1] filed a complaint against defendant and respondent California Insurance Guarantee Association

---

[1] The named plaintiffs are: Bi-Coastal Payroll Services, Inc.; Curiosity Payroll Services, Inc.; Epicurean Services, Inc.; Emerald Payroll Services, Inc.; Film Payment Services, Inc.; FPS Payroll Services, Inc.; FSI Processing, Inc.; Maize-El Services, Inc.; Movie Payroll, Inc.; Power Payroll, Inc.; Producer Payroll, Inc.; Production Processing, Inc.; Quantos Payroll

(CIGA) for declaratory relief. A month later, plaintiffs filed a first amended complaint, again seeking only declaratory relief. In response, CIGA filed a motion to strike and a demurrer. The trial court granted the motion to strike, but overruled the demurrer. After CIGA answered, plaintiffs sought and obtained leave of court to amend their complaint. In addition to declaratory relief, the second amended complaint asserted causes of action for an accounting, negligence, and breach of fiduciary duty. CIGA responded with a motion to strike and a demurrer to the accounting, negligence, and breach of fiduciary duty causes of action. The trial court sustained the demurrer without leave to amend, leaving only the declaratory relief cause of action.

As discussed in detail below, plaintiff voluntarily dismissed the declaratory relief cause of action, and the parties stipulated to entry of judgment in favor of CIGA. In a minute order served on the parties, the trial court accepted the stipulation and entered judgment. Plaintiffs thereafter gave formal notice of entry of judgment and filed a notice of appeal.

## FACTUAL BACKGROUND[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

### A. *Order to Show Cause re Dismissal*

#### 1. *Background*

To facilitate an appeal from the trial court's ruling on the demurrer, plaintiffs agreed to dismiss voluntarily the remaining declaratory relief cause of action and the parties stipulated to the entry of a judgment in favor of CIGA. The parties' stipulation was filed on December 12, 2007. That same day, the clerk mailed copies of a minute order to the parties. Below the case caption, the minute order provided: "**NATURE OF PROCEEDINGS**: COURT ORDER RE: STIPULATED JUDGMENT [¶] [The c]ourt is in receipt of [the] stipulated judgment submitted by the parties on 12/12/07. [¶] The court accepts the stipulated judgment. [¶] Judgment is entered in favor of defendant CIGA against plaintiffs according to the terms as set forth therein and [the court] adopts those terms as the [c]ourt's judgment by reference. [¶] [The t]rial date of 1/07/08 is advanced to this date and vacated. [¶] Counsel for plaintiffs to give notice."

Service, Inc.; Radar Payroll Services, Inc.; Staff Payroll Services, Inc.; Transcontinental Payroll, Inc., doing business as West Coast Extras, Inc.; West Coast Extras, Inc.; X Rhode, Inc.; Media Services.

[*]See footnote, *ante*, page 579.

Directly below the foregoing text, the minute order stated: "CLERK'S CERTIFICATION OF MAILING/NOTICE OF ENTRY OF ORDER. [¶] I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 12/12/07 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein . . . ."

On December 26, 2007, plaintiffs served by mail a "Notice of Entry of Order of Stipulated Judgment in Favor of Defendant . . ." that was filed in the trial court on December 27, 2007. That document notified the parties of the trial court's acceptance and entry of their stipulated judgment according to its terms on December 12, 2007. It also attached a copy of the December 12, 2007, minute order.

On February 20, 2008, plaintiffs filed their notice of appeal. On June 30, 2008, this court issued an "Order to Show Cause Re: Dismissal." That order provided as follows: "On December 12, 2007, the clerk served notice of entry of judgment. The notice of appeal was not filed until February 20, 2008, . . . more than 60 days after December 12, 2007—the date of service of the notice of entry of judgment. Because the present appeal may be untimely, we have a duty to issue an order to show cause concerning possible dismissal of appeal. [Citation.] It appears the notice of appeal was filed more than 60 days after service of the notice of entry of judgment and service of a file stamped copy of the stipulated judgment in violation of rule 8.104(a) of the California Rules of Court. [Citations.] Hence, it may be that the appeal must be dismissed. [Citations.] . . . ."

Plaintiffs filed their response to the order to show cause, and CIGA thereafter filed a letter brief in support of dismissal. We granted plaintiffs' request to file a supplemental letter brief on the dismissal issue. On July 21, 2008, this court ordered that "[t]he issue of whether to dismiss the appeal will be decided in conjunction with the decision on the merits of the appeal."

## 2. *Rule 8.104(a)*

California Rules of Court, rule 8.104(a)[4] controls the determination of the timeliness of the appeal and provides as follows: "(a) Unless a statute or rule 8.108 provides otherwise, a notice of appeal must be filed on or before the earliest of: [¶] (1) 60 days after the superior court clerk mails the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a

---

[4] All references to rules are to the California Rules of Court.

file-stamped copy of the judgment, showing the date either was mailed; [¶] (2) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or [¶] (3) 180 days after entry of judgment."

### 3. *Contentions*

Plaintiffs contend that, under the Supreme Court's recent decision in *Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894 [55 Cal.Rptr.3d 534, 152 P.3d 1109] (*Alan*), when a clerk gives notice of entry of a judgment or appealable order, that notice must strictly comply with the requirements of rule 8.104(a)(1). According to plaintiffs, the December 12, 2007, minute order fails to comply strictly with those requirements. Therefore, plaintiffs argue that the time to appeal the judgment ran from their December 26, 2007, notice of entry of judgment, which notice plaintiffs contend strictly complies with rule 8.104(a)(2).

CIGA contends that the decision in *Alan, supra,* 40 Cal.4th 894 is inapposite and that the facts in this case more closely resemble those in *Sunset Millennium Associates, LLC v. Le Songe, LLC* (2006) 138 Cal.App.4th 256 [41 Cal.Rptr.3d 273] (*Sunset Millennium*). CIGA argues that in this case, unlike *Alan*, the December 12, 2007, minute order is the judgment itself and, therefore, the "Notice of Entry of Order" language on the first page of that order complies with rule 8.104(a)(1). As a result, CIGA maintains that the time to file the notice of appeal ran from December 12, 2007, and urges us to dismiss the appeal as untimely.

### 4. *Alan*

The Supreme Court recently interpreted rule 8.104(a) in *Alan, supra,* 40 Cal.4th 894. In that case, the trial court denied the plaintiff's motion for class certification, and the clerk notified the parties of that procedural development by mailing them copies of two documents in a single envelope. (*Id.* at p. 898.) The first document was entitled " 'Statement of Decision Re: [the plaintiff's] Motion for Class Certification,' " which set out the trial court's reasons for denying the motion. (*Ibid.*, capitalization omitted.) The statement of decision, which was file stamped, provided that the plaintiff's class certification motion was denied. (*Ibid.*) The second document in the envelope was a minute order entitled " 'Ruling on Submitted Matter/Motion for Class Certification.' " (*Ibid.*, capitalization omitted.) It stated that the trial court " 'now issues its . . . "Statement of Decision . . ." . . . this date.' " (*Ibid.*) It also stated that the minute order and statement of decision were mailed by the clerk to the parties on that date. (*Ibid.*) The minute order provided that it had been entered on that date by the clerk, but it was not file stamped. (*Ibid.*)

Nineteen days after the clerk mailed the statement of decision and minute order described above, the defendant in *Alan, supra,* 40 Cal.4th 894, served the plaintiff in that case with a document entitled " 'Notice of Entry of Order and Statement of Decision Denying Class Action.' " (*Id.* at p. 899, capitalization omitted.) The plaintiff filed his notice of appeal 63 days after the clerk mailed the statement of decision and minute order, but only 44 days after the defendant served its notice of entry of order and statement of decision. (*Ibid.*) The defendant moved to dismiss the appeal as untimely under rule 8.104(a)(1). The Court of Appeal granted the motion and dismissed the appeal. (40 Cal.4th at p. 899.)

■ In reversing the Court of Appeal's ruling dismissing the appeal, the Supreme Court in *Alan, supra,* 40 Cal.4th 894 began its analysis by noting that "[t]he ordinary principles of statutory construction govern our interpretation of the California Rules of Court. (*Crespin v. Shewry* (2004) 125 Cal.App.4th 259, 265 [22 Cal.Rptr.3d 696]; *Life v. County of Los Angeles* (1990) 218 Cal.App.3d 1287, 1296 [267 Cal.Rptr. 557].) Our objective is to determine the drafter's intent. If the rule's language is clear and unambiguous, it governs. (*Crespin v. Shewry, supra,* at p. 265.)" (*Id.* at p. 902.)

■ The court in *Alan, supra,* 40 Cal.4th 894 then observed that "courts interpreting rule 8.104(a)(1) and its predecessors [have held] that documents mailed by the clerk do not trigger the 60-day period for filing a notice of appeal unless the documents strictly comply with the rule. 'Because the time limits for filing a notice of appeal are jurisdictional, we must apply [former] rule 2(a)(1) . . . strictly and literally according to its terms; the rules "must stand by themselves without embroidery." ' (*In re Marriage of Taschen* [(2005)] 134 Cal.App.4th 681, 686 [36 Cal.Rptr.3d 286], quoting *20th Century Ins. Co. v. Superior Court* (1994) 28 Cal.App.4th 666, 672 [33 Cal.Rptr.2d 674]; see also *Sunset Millennium Associates, LLC v. Le Songe, LLC* (2006) 138 Cal.App.4th 256, 260 [41 Cal.Rptr.3d 273] ['Within reason, [former] rule 2 is read literally'].) Thus, courts have consistently held that the required 'document entitled "Notice of Entry" ' (rule 8.104(a)(1)) must bear precisely that title, and that the 'file-stamped copy of the judgment' (*ibid.*) must truly be file stamped. (E.g., *Sunset Millennium Associates, LLC v. Le Songe, LLC, supra,* at p. 260; *In re Marriage of Taschen, supra,* p. 686; *Cuenllas v. VRL International, Ltd.* (2001) 92 Cal.App.4th 1050, 1051, 1054 [112 Cal.Rptr.2d 383]; *20th Century Ins. Co. v. Superior Court, supra,* at pp. 671–672; *Hughey v. City of Hayward* (1994) 24 Cal.App.4th 206, 210 [30 Cal.Rptr.2d 678].) For the same reason, the older rule that technical defects in a notice of entry of judgment are excusable unless they are so egregious as to preclude actual notice of entry (*In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 114 [95 Cal.Rptr. 2d 113]) has not been applied to rule 8.104(a)(1) or its identically worded, immediate predecessor, former rule 2(a)(1) (as adopted, eff. Jan. 1, 2002). (See *Sunset Millennium Associates,*

*LLC v. Le Songe, LLC, supra*, at p. 260, distinguishing *In re Marriage of Eben-King & King, supra*, at p. 114; cf. *20th Century Ins. Co. v. Superior Court, supra*, at p. 672 ['It might seem that the difference between a "notice of ruling" and a "notice of entry" is hypertechnical. In another context it might be.'].)" (*Alan, supra*, 40 Cal.4th at pp. 902–903.)

■ According to the court in *Alan, supra*, 40 Cal.4th 894, rule 8.104(a) does not require litigants to glean from multiple documents the information necessary to determine when the 60-day period for the filing of a notice of appeal commenced or to guess whether the time within which to file a notice of appeal has commenced. " 'Neither parties nor appellate courts should be required to speculate about jurisdictional time limits.' (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 64 [61 Cal.Rptr.2d 166, 931 P.2d 344].)" (*Alan, supra*, 40 Cal.4th at p. 905.)

Accordingly, the court in *Alan, supra*, 40 Cal.4th 894 concluded that "the documents mailed by the clerk in this case did not comply with rule 8.104(a)(1). No document entitled 'Notice of Entry' exists. Nor is the appealable minute order, which arguably shows the date on which it was mailed, file stamped. Accordingly, the clerk's mailing of these documents did not commence the 60-day period for the filing of a notice of appeal. Instead, the relevant 60-day period began when [the defendant] filed its own, proper notice of entry on January 17, 2003. [The plaintiff] timely filed his notice of appeal on March 6, 2003, 44 days later. Thus, the Court of Appeal erred in dismissing [the plaintiff's] appeal as untimely." (*Id.* at p. 905.)

In this case, the minute order is not *entitled* "Notice of Entry" of judgment or order. It is entitled "COURT ORDER RE: STIPULATED JUDGMENT." Thus, as in *Alan, supra*, 40 Cal.4th 894, the document relied upon by CIGA as commencing the time to appeal does not bear the title " 'Notice of Entry' of Judgment [or order]" required under rule 8.104(a)(1). And, even assuming the minute order is the judgment itself, as CIGA contends, it is not *file stamped* as required under rule 8.104(a)(1). Thus, neither of the two alternative means of giving notice that are required under rule 8.104(a)(1) when a clerk gives notice of entry of judgment has been satisfied in this case.

■ That the minute order contains "NOTICE OF ENTRY OF ORDER" language on the first page does not satisfy the mandates of rule 8.104(a)(1). Moreover, that language creates an ambiguity because the minute order has a different title, "COURT ORDER RE: STIPULATED JUDGMENT," and it expressly provides, "[C]ounsel for plaintiffs to give notice." As a result, and contrary to the teaching of *Alan, supra*, 40 Cal.4th 894, it placed plaintiffs' counsel in the position of guessing whether the order triggered the 60-day

time period within which to file the notice of appeal. Because rule 8.104(a)(1) was intended to obviate the need for such guesswork when calculating jurisdictional time limits, we conclude that the December 12, 2007, minute order did not commence the 60-day time period for filing the notice of appeal in this case. That time period began instead when plaintiffs served their notice of entry of order on December 26, 2007, which notice strictly complied with rule 8.104(a)(2).

### 5. *Sunset Millennium*

Unlike CIGA, we do not read our decision in *Sunset Millennium, supra,* 138 Cal.App.4th 256 as supporting a dismissal in this case. To the contrary, *Sunset Millennium* supports our conclusion that the December 12, 2007, minute order does not strictly comply with the requirements of rule 8.104(a)(1).

In *Sunset Millennium, supra,* 138 Cal.App.4th 256, the clerk mailed a 14-page minute order to the parties granting the defendant's special motion to strike under Code of Civil Procedure section 425.16 and explaining the reasons for the trial court's ruling. (*Sunset Millennium, supra,* 138 Cal.App.4th at p. 257.) Page 13 of that minute order contained language similar to the language in the order at issue in this case: " 'CLERK'S CERTIFICATE OF MAILING/[¶] NOTICE OF ENTRY OF ORDER' " which was followed by the clerk's confirmation that the 14-page minute order had been mailed to the parties the same day it was entered in the minutes. (*Id.* at p. 258.) Unlike this case, however, the space below " '**NATURE OF PROCEEDINGS**' " was blank on all 14 pages of the minute order, i.e., the order had no title. (*Id.* at p. 257.) Over a month after the clerk served the 14-page minute order on the parties, the trial court signed a proposed judgment submitted by the defendant and the clerk mailed a signed copy of the judgment to the parties along with a separate minute order which provided below the caption: " '**NATURE OF PROCEEDINGS:** [¶] NOTICE OF ENTRY OF JUDGMENT.' " (*Id.* at p. 258.) The plaintiff served the notice of appeal more than 60 days after the service of the 14-page minute order, but less than 60 days after the service of the copy of the judgment and notice of entry of judgment. (*Ibid.*)

On appeal, the defendant filed a motion to dismiss, arguing that page 13 of the 14-page minute order contained the notice of entry of judgment language required by former rule 2(a).[5] (*Sunset Millennium, supra,* 138 Cal.App.4th at p. 257.) We denied the motion, reasoning as follows: "The 14-page minute order with the notice of entry language on page 13 does not comply with the

---

[5] Former rule 2(a) was the immediate predecessor to rule 8.104(a) and they are "identically worded." (*Alan, supra,* 40 Cal.4th at p. 903.)

literal requirement that the document providing notice of entry be so *entitled*." (*Id*. at p. 259.) Moreover, we rejected the defendant's assertion that mere technical noncompliance with former rule 2's requirements could be ignored for purposes of determining whether the duty to file a notice of appeal had been triggered. "In the case of *In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 114 [95 Cal.Rptr.2d 113], the Court of Appeal held: 'It is established law that a technical defect in the notice of entry of judgment cannot be invoked to avoid the [former] rule 2(a) 60-day period for filing a notice of appeal, unless the defect was arguably so egregious as effectively to preclude any *actual notice* of entry of judgment. (*Delmonico v. Laidlaw Waste Systems, Inc.* (1992) 5 Cal.App.4th 81, 85–86 [6 Cal.Rptr. 2d 599]; *National Advertising Co. v. City of Rohnert Park* (1984) 160 Cal.App.3d 614, 618–619 [206 Cal.Rptr. 696]; *Pacific City Bank v. Los Caballeros Racquet & Sports Club, Ltd.* (1983) 148 Cal.App.3d 223, 228 [195 Cal.Rptr. 776].)' Each of the cases cited in *Marriage of Eben-King* involves a technical defect in the notice such as a misstatement of the date the judgment was entered or the failure to attach a proof of service to the notice (something [former] rule 2 does not even require). Neither *Marriage of Eben-King* nor the cases it cites involve the failure to entitle the crucial document using the mandated notice of entry language. More to the point, the failure to entitle the document using the crucial notice of entry language is not a matter of mere form; [former] rule 2(a)(1) explicitly without any ambiguity requires the document be 'entitled' notice of entry." (*Sunset Millennium, supra,* 138 Cal.App.4th at p. 260.)

CIGA points out that the "NOTICE OF ENTRY" language in this case appears on the first page of the December 12, 2007, minute order, not on page 13 as in *Sunset Millennium, supra,* 138 Cal.App.4th 256. CIGA then refers to the following statement in *Sunset Millennium*: "[I]f the notice of entry language appeared on page 1 of a separate document, as distinguished from page 13 of 14, the result would potentially be different." (*Id*. at p. 260.) Based on that statement, CIGA argues that we distinguished *Sunset Millennium* from the cases such as this one where the notice of entry language appears on the first page of the document in question. As discussed above, however, the notice of entry language in this case only serves to render the minute order ambiguous on the issue of when the time within which to file the notice of appeal commenced. That language does not appear as the title of the December 12 minute order, and it is preceded by language directing plaintiffs to give notice. Thus, regardless of whether the "NOTICE OF ENTRY" language appears on the first page of the minute order, a party reviewing it in context would be left to speculate whether that language was sufficient to commence the 60-day time period for the filing of a notice of appeal. Under *Alan, supra,* 40 Cal.4th 894, that is the type of uncertainty that the requirements of rule 8.104(a)(1) were designed to prevent. Accordingly,

because the December 12 minute order did not strictly comply with rule 8.104(a)(1), it did not commence the duty to the file a notice of appeal. Plaintiffs' notice of appeal, which was filed within 60 days of the service of plaintiffs' December 26, 2007, notice of entry of order, was therefore timely filed. Accordingly, we have jurisdiction to determine the merits of the appeal.

B. *Ruling on Demurrer*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment in favor of CIGA and the order sustaining the demurrer without leave to amend are reversed, and the matter is remanded to the trial court with instructions to enter a new order sustaining CIGA's demurrer to the second, third, and fourth causes of action without leave to amend, but granting plaintiffs leave to amend to state a claim for reimbursement under *Isaacson, supra*, 44 Cal.3d 775. No costs are awarded.

Turner, P. J., and Armstrong, J., concurred.

---

[*]See footnote, *ante*, page 579.