Filed 4/29/21  Marriage of Emilie D.L.M. and Carlos C. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re Marriage of EMILIE D.L.M. and CARLOS C. | 2d Civ. No. B304820 (Super. Ct. No. 19FL-0484) (San Luis Obispo County) |
| EMILIE D.L.M., Respondent, v. CARLOS C., Appellant. | |

Carlos C. appeals a domestic violence restraining order issued by the family law court.  We reject his contention that California was an inconvenient forum for consideration of the application for the restraining order, and affirm.  (Fam. Code, § 3427.)[1]

---

[1] All further statutory references are to the Family Code unless stated otherwise.

This appeal concerns an international custody dispute involving the two minor children of an American mother and a Chilean father. In 2016, the parties relocated to Chile from California. There, the mother, Emilie D.L.M., was subjected to acts of domestic violence and emotional abuse by her husband Carlos C., sometimes committed in the presence of the children. Frequently, the violence was occasioned by Carlos C.'s excessive alcohol consumption. Following an unsuccessful family vacation to California in 2019, Emilie D.L.M. and the children refused to return to Chile. She then filed a petition to dissolve the marriage and requested a domestic violence restraining order. In response, Carlos C. filed a petition for the return of the children to Chile pursuant to the Hague Convention. (22 U.S.C. § 9003.) Following a lengthy evidentiary hearing, the family law court concluded, among other things, that Emilie D.L.M. established by clear and convincing evidence that returning the children to Chile would subject them to a grave risk of harm. The court also issued a domestic violence restraining order against Carlos C.

*FACTUAL AND PROCEDURAL HISTORY*

Carlos C. and Emilie D.L.M. met while students at the University of California Davis Law School. Carlos C., a Chilean native, held a law degree in Chile, and was pursuing an advanced law degree at Davis. Following law school, Emilie D.L.M. passed the California state bar exam and accepted a litigation position with a Bay Area law firm. Carlos C., a permanent resident of the United States, established a legal translation service in the Bay Area.

In 2006, the couple wed and, within seven years, had two children. Emilie D.L.M. soon realized that Carlos C. frequently drank alcohol and became verbally abusive to her when he was

2

intoxicated. In 2006, and again in 2011, he was arrested and subsequently convicted of driving under the influence of alcohol.

In September 2016, the parties and children relocated to Carlos C.'s hometown of La Serena, Chile. Carlos C.'s mother and his large extended family lived nearby.

In Chile, Carlos C. established a law practice and also worked as a law professor. Emilie D.L.M. worked remotely as an independent contractor for a California law firm. The couple paid income taxes in the United States and Chile. Their children were bilingual and held dual American-Chilean citizenships. The children enrolled in schools, played with paternal cousins, and participated in music, sports, and social activities in La Serena.

In 2019, the family took a vacation to Hawaii and then to Lake Tahoe, California. During the vacation, Carlos C. consumed excessive alcohol and became verbally and physically abusive to Emilie D.L.M.

Following the 2019 California vacation, Carlos C. sent a text to Emilie D.L.M. stating, "There is nothing left for us after the past two weeks. Don't bother coming back to Chile. We'll make arrangements later on regarding your belongings." Although Emilie D.L.M. and the children had return airline tickets to Chile, they remained in California. Several weeks later, Emilie D.L.M. filed a petition to dissolve her marriage to Carlos C. and later requested a domestic violence restraining order against him. The application for the restraining order was supported by her declaration detailing Carlos C.'s alcoholism and physical and emotional abuse. Carlos C. responded to the restraining order application and asserted that California was an inconvenient forum, pointing out that the acts of abuse occurred in Chile and the family witnesses lived there.

Carlos C., who had returned to Chile in the meantime, returned to California. He visited unsupervised with the children for three days. Emilie D.L.M.'s mother required Carlos C. to sign an agreement that promised he would not consume alcohol while visiting the children. Carlos C. testified that he signed the agreement without reading it and under pressure from his mother-in-law. He violated the agreement by consuming alcohol during the three days of visitation with his children.

Carlos C. then returned to Chile where he filed a family law action and a Hague Convention petition seeking repatriation of the children. In December 2019, the San Luis Obispo County family law court held a hearing regarding the petition and Emilie D.L.M.'s request for a temporary restraining order.

*Family Law Evidentiary Hearing*

At the contested family law hearing, Emilie D.L.M. testified that Carlos C.'s drinking "suddenly increased after the birth of [their] children and increased drastically" after moving to Chile. She described several occasions when she concealed the keys to Carlos C.'s vehicle to prevent him from driving while intoxicated.

Emilie D.L.M. also described incidents of domestic violence and emotional abuse, including sexual insults, some of which occurred in the children's presence. On one occasion, Carlos C. threw her to the bathroom floor, causing her to bruise her face against the bathtub. On another, he kicked her in her side and legs, causing her to fall from bed. In August 2018, Carlos C. became angry and threw the family television out the door as Emilie D.L.M. and the children were watching it. On Chilean Independence Day, Carlos C. became intoxicated at the home of his uncle. As Emilie D.L.M. drove everyone home, Carlos C.

4

kicked the windshield and insisted on driving.  He pushed Emilie D.L.M. from the vehicle as the children screamed.  The couple's minor daughter physically struggled with Carlos C. to prevent him from driving.  Carlos C. overwhelmed his daughter and drove away until his uncle blocked the road.  In the spring of 2019, Carlos C. threatened to kill the family dog to "teach [Emilie D.L.M.] a lesson."  One evening, Carlos C. locked Emilie D.L.M. out of the bedroom, only to shove her to the floor three times after he relented and opened the door.  Carlos C. also demanded money from her and threatened her with harm if she did not pay him.  Emilie D.L.M.'s legal earnings were a critical source of the household funding.

Carlos C. also ridiculed his daughter's intellect and compared her unfavorably to himself and her brother.  During the Hawaiian vacation, Carlos C. kicked Emilie D.L.M. from the bed where she slept with her son.  The child awoke and began to cry.  Carlos C. then spit on Emilie D.L.M. and the child.

Carlos C. testified and denied that he consumed alcohol excessively or that he committed any acts of domestic violence.  Carlos C.'s relatives in Chile also testified through video-conferencing.

*Family Law Court Decision*

Following the hearing and argument, the family law court rendered a comprehensive written decision.  The court found many of Emilie D.L.M.'s accounts of incidents of domestic violence and emotional abuse credible, but others not.  The court also found that Carlos C. consumed alcohol excessively and frequently and that Emilie D.L.M. consumed alcohol excessively as well.  The court expressly found that Carlos C. was not credible regarding the extent of his alcohol consumption, his

5

denial of the domestic violence incidents, and his denial of his emotional abuse of Emilie D.L.M. in the children's presence.

The family law court then concluded that Emilie D.L.M. established by clear and convincing evidence that return of the children to Carlos C.'s custody in Chile presents a grave risk to their physical and psychological well-being. The court also granted Emilie D.L.M.'s application for a domestic violence restraining order based upon the evidence presented regarding the Hague Convention petition.

Carlos C. appeals and contends that the family law court erred by not staying or dismissing the application for a domestic violence restraining order because California was an inconvenient forum.

## DISCUSSION

The family law court has "broad discretion in determining whether to grant a petition for a restraining order" pursuant to the Domestic Violence Prevention Act, section 6200. (*In re Marriage of Fregoso & Hernandez* (2016) 5 Cal.App.5th 698, 702.) In determining whether to issue a domestic violence restraining order, the court must consider "the totality of the circumstances." (§ 6301, subd. (c).)

Section 3427, subdivision (a) authorizes the trial court to decline to exercise its jurisdiction if it determines under the circumstances that a court of another state is a more appropriate forum. Section 3427 lists "relevant factors" for the court to determine the appropriate forum, including the "location of the evidence required to resolve the pending litigation." (§ 3427, subd. (b)(6).)

In response to Emilie D.L.M.'s petition for a domestic violence restraining order, Carlos C. requested the family law

6

court to determine that it was an inconvenient forum pursuant to section 3427 because the alleged acts of domestic violence occurred in Chile and the witnesses thereto resided there. Emilie D.L.M. responded that the witnesses to many of the alleged acts of abuse were her, Carlos C., and the children, all before the court in California.

The family law court did not abuse its discretion by impliedly denying Carlos C.'s motion to dismiss or stay due to an inconvenient forum. (*In re Marriage of Taschen* (2005) 134 Cal.App.4th 681, 691 [ruling of inconvenient forum is reviewed for an abuse of discretion].) Emilie D.L.M. and Carlos C. were available and testified in the proceeding; Carlos C.'s relatives also testified through video-conferencing. Emilie D.L.M. introduced photographs of her injuries into evidence. Many of the acts of abuse occurred in the presence of only Emilie D.L.M. and Carlos C. Carlos C. has not met his burden of establishing an abuse of discretion by the court's denial of his motion.

The order is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.


7

Gayle L. Peron, Judge

Superior Court County of San Luis Obispo

_____

Carlos O., in pro. per., for Appellant.

James Alex Karagianides for Respondent.