[No. F005824. Fifth Dist., Jan. 7, 1987.]

In re the Marriage of JOSEFA and ROBERT ADAMS.
JOSEFA ADAMS, Appellant, v.
ROBERT ADAMS, Respondent.

COUNSEL

Gerald V. Underwood III for Appellant.

Griffin, Conway & Jones and Kenneth C. Cochrane for Respondent.

OPINION

THE COURT.*—Josepha Adams (wife) appeals from the amended order of the Superior Court of Stanislaus County filed May 9, 1985. That order denied wife the opportunity and right to reopen and modify her dissolution of marriage from Robert Adams (husband) under former Civil Code[1] section 5124[2] to include husband's military retirement as a divisible community property asset.

STATEMENT OF THE CASE AND FACTS

Husband and wife were married on December 22, 1963, and separated after approximately 17 years of marriage on October 18, 1980. They had three children, all of whom were teenage minors on the date the dissolution went to trial on June 3, 1982. The parties entered into a stipulation which became the court's judgment on November 3, 1982. Pursuant to the stipulation, each party was awarded the personal property in their possession. Wife was allowed exclusive possession of the family home for a three-year period, at which time she would have the opportunity to purchase husband's one-half interest in the equity or place the home on the market to equally divide the net sale proceeds with husband. During wife's occupancy, she was to be responsible for all mortgage payments, taxes, insurance and normal upkeep of the property. The parties were to equally divide major repairs to the home.

Each party was awarded the motor vehicle he or she was driving. Husband's vehicle was one year newer than wife's. Husband paid the $900 Visa bill of the parties.

---

*Before Woolpert, Acting P. J., Martin, J., and Best, J.

[1] All statutory references are to the Civil Code unless otherwise indicated.

[2] Former section 5124 provided: "(a) Community property settlements, judgments, or decrees that became final on or after June 25, 1981, and before February 1, 1983, may be modified to include a division of military retirement benefits payable on or after February 1, 1983, in a manner consistent with federal law and the law of this state as it existed before June 26, 1981, and as it has existed since February 1, 1983.

"(b) Modification of community property settlements, judgments, or decrees under this section may be granted *whether or not the property settlement,* judgment, or decree *expressly reserved the pension issue for further determination,* omitted any reference to a military pension, *or assumed in any manner, implicitly or otherwise, that a pension divisible as community property before June 25, 1981, and on or after February 1, 1983, was not, as of the date the property settlement, judgment, or decree became final, divisible community property.*

"(c) Any proceeding brought pursuant to this section shall be brought before January 1, 1986.

"(d) This section shall remain in effect only until January 1, 1986, and on that date is repealed unless a later enacted statute which is chaptered before that date deletes or extends that date." (Italics added.)

Husband was ordered to pay $500 per month total for the three children in wife's custody and $100 per month in spousal support.

Husband was awarded his United States military pension. The stipulation with regard to the pension was as follows: "Respondent's United States military pension is awarded to him by virtue of the law; that it's not within the jurisdiction of the Court I guess is the best way to state that, under present law.

"THE COURT: Now, what is the agreement of the parties? I don't want some surplusage here. Is it agreed that it goes to the respondent?

"MRS. SADLER [husband's counsel]: Yes.

"MR. UNDERWOOD [wife's counsel]: Yes.

"THE COURT: Well, I see your client—I see your client shaking her head, counsel.

"MR. UNDERWOOD: We were holding out for a change in the law. We're convinced McCarthy [sic] is going to stand since the progeny afterwards.

"Yes. That is an agreement that it's his."[3]

Wife filed her motion under section 5124 for a modification of the dissolution judgment to include husband's military retirement as divisible community property on July 2, 1984. When the matter went to hearing on November 7, 1984, the court took judicial notice of relevant pleadings in the file, such as the interlocutory judgment, and wife offered the transcript of the stipula-

[3]Counsel was referring to *McCarty* v. *McCarty* (1981) 453 U.S. 210 [69 L.Ed.2d 589, 101 S.Ct. 2728], wherein the United States Supreme Court held the federal legislative scheme authorizing military pensions impliedly preempted state community property law and prohibited the division of military retirement pay.

Following the instant hearing, Congress passed the Federal Uniform Services Former Spouses' Protection Act (FUSFSPA) (Pub.L. No. 97-252 (Sept. 8, 1982) § 1001, 96 Stat. 730), an amendment to title 10 of the United States Code, which became effective, in part, on February 1, 1983. Consistent with the intent expressed by Congress to abrogate *McCarty*'s impact on all cases, FUSFSPA's pertinent provisions were made retroactive to the day before that decision was filed. (10 U.S.C. § 1408(c)(1).)

That same year the California Legislature enacted special sunset legislation (§ 5124) to allow community property settlements or judgments that became final on or after June 25, 1981 (eff. date of *McCarty*), and before February 1, 1983 (eff. date of FUSFSPA), to be modified to include a division of the military retirement benefits payable on or after February 1, 1983, in a manner consistent with California law as it existed prior to *McCarty,* as long as the modification procedure was brought before January 1, 1986.

As noted *ante,* the Adams judgment of dissolution was entered November 3, 1982.

tion for judgment clarifying the nature of the award of the military retirement to husband in the judgment.

During the hearing, the court also received testimony from husband, wife and wife's attorney regarding whether or not the military pension, and any future right thereto, had been bargained away by wife in the settlement negotiations.

The court denied modification to include the military retirement as divisible community property under section 5124 and found that husband had made concessions in order to insure that he would receive his military retirement benefits.[4] The court also found that section 5124 was violative of both the California and United States Constitution.[5]

The denial of the motion to reopen pursuant to section 5124 was entered into the minutes on November 7, 1984, the first day of the court trial. Other issues which were to be heard by the court were bifurcated and were to be heard the next day.

On November 14, 1984, the trial court's rulings with regard to the other issues were entered into the minutes.

A statement of decision was prepared and signed by the trial judge on April 22, 1985.

An amended order after hearing, indicating wife's request for modification pursuant to section 5124 "is denied," was filed on May 9, 1985.

Notice of appeal was filed on June 13, 1985.

## DISCUSSION

 Husband contends that the notice of appeal was untimely filed because it was not filed within 60 days of the court's original minute order denying wife's motion pursuant to section 5124 on November 7, 1984.

In 1985, when the notice of appeal was filed, rule 2 of the California Rules of Court read in pertinent part as follows: "(a) [Normal time] Except as otherwise specifically provided by law, a notice of appeal shall be filed within

---

[4]Although husband testified he made concessions, the stipulation quoted above indicates the contrary.

[5]We recently held in *In re Marriage of Potter* (1986) 179 Cal.App.3d 73, 80-84 [224 Cal.Rptr. 312], that section 5124 does not violate the California and United States Constitutions' provisions of due process and against impairment of contracts.

60 days after the date of mailing notice of entry of judgment by the clerk of the court pursuant to section 664.5 of the Code of Civil Procedure, or within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing the notice of appeal, or within 180 days after the date of entry of the judgment, whichever is earliest, unless the time is extended as provided in rule 3.

"(b) [What constitutes entry] For the purposes of this rule: (1) The date of entry of a judgment shall be the date of its entry in the judgment book or, in a county following the procedure specified in Code of Civil Procedure Section 668.5 in lieu of maintaining a judgment book, the date of filing the judgment with the clerk pursuant to that section. (2) *The date of entry of an appealable order which is entered in the minutes shall be the date of its entry in the permanent minutes, unless such minute order as entered expressly directs that a written order be prepared, signed and filed, in which case the date of entry shall be the date of filing of the signed order.* (3) The date of entry of an appealable order which is not entered in the minutes shall be the date of filing of the order signed by the court. (4) The date of entry of a decree of distribution in a probate proceeding shall be the date of its entry at length in the judgment book or other permanent record of the court." (Italics added.)

The court issued its minute order setting forth its decision concerning the military pension issue on November 7, 1984, after orally announcing its decision. This is reflected in the court's minute order of that date. As stated in rule 2 of the California Rules of Court, when an appealable order is made by minute order, the date of entry is the date of its entry in the permanent minutes unless the minute order expressly directs that a written order be prepared, signed and filed. Here, there was no such direction for the preparation of a written order. The question is whether the minute entry of the denial of the section 5124 motion was the "entry" which started the time running for appeal. As noted by our Supreme Court in *Gwinn* v. *Ryan* (1949) 33 Cal.2d 436, 437 [202 P.2d 51]: "This depends upon whether the trial court could make its decision by a minute order or whether it could act only by making a formal written order or judgment. The problem is one of trial court procedure, independent of the Rules on Appeal, since rule 2 prescribing the time to file notice of appeal does not come into operation until there is an appealable judgment or order. [Citations.] Accordingly, we must determine if the minute order [denying] the motion . . . was an appealable order."

We conclude that the minute order denying the section 5124 motion was an appealable order. "Such postjudgment order, which relates to enforcement of the judgment, is appealable. (See Code Civ. Proc., § 904.1, subd. (b); . . .)" (*In re Marriage of Justice* (1984) 157 Cal.App.3d 82, 86, fn. 4 [204

Cal.Rptr. 6].) See also *Mueller* v. *Walker* (1985) 167 Cal.App.3d 600 [213 Cal.Rptr. 442], *In re Marriage of Van Dyke* (1985) 172 Cal.App.3d 145 [218 Cal.Rptr. 11], *In re Marriage of Downes* (1986) 177 Cal.App.3d 205 [222 Cal.Rptr. 776], and *In re Marriage of Potter, supra,* 179 Cal.App.3d 73, which have treated orders either granting or denying motions under section 5124 as appealable orders without discussion of that issue.

Pursuant to California Rules of Court, rule 2(a), the time for filing the notice of appeal was within 60 days of the mailing of notice of entry of judgment or the service of written notice of entry of judgment. Since there was never any notice of entry of judgment mailed or served in this case, wife had 180 days after the date of the entry of judgment to file her notice of appeal. One hundred eighty days from November 7, 1984, is May 3, 1985, the last day in which a notice of appeal could be filed. Thus, the June 13, 1985, filing of the notice of appeal was over a month late.

■ Only a timely filed notice of appeal can invoke the jurisdiction of the appellate court. The court can neither confer jurisdiction to hear an appeal without a proper notice nor extend the time for filing the notice. (*Estate of Hanley* (1943) 23 Cal.2d 120, 123 [142 P.2d 423].) There is no relief from late filing. (*Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660 [125 Cal.Rptr. 757, 542 P.2d 1349].)

■ Although a written order was prepared by husband's counsel and relied upon by wife's counsel, since preparation of a written order was not required by the minute order, it cannot alter the date of the entry of judgment. (*Gwinn* v. *Ryan, supra,* 33 Cal.2d 436, 438; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, §§ 402-403, pp. 397-399.)

■ Wife's citation to rule 232.5 of the California Rules of Court is not in point. Rule 232.5 states in pertinent part: "When a factual issue raised by the pleadings is tried by the court separately and prior to the trial of other issues, the judge conducting the separate trial shall announce the tentative decision on the issue so tried and shall, when requested pursuant to Code of Civil Procedure section 632, issue a statement of decision as prescribed in rule 232; but no proposed judgment shall be prepared until the other issues are tried, *except when an interlocutory judgment or a separate judgment may otherwise be properly entered at that time.*" (Italics added.)

First of all, the language of California Rules of Court, rule 232.5 indicates that it is applicable only to trials and not motions made after final judgments. Second, even if rule 232.5 could be applied to this case, it appears that the exception provided therein would also apply. Here, because the order

denying wife's motion pursuant to section 5124 was an appealable order, the order could properly be entered at the time it was made.

■ We must also reject wife's contention that husband has waived the issue of lack of jurisdiction by his conduct. The requirement as to time for filing notice of appeal is mandatory, and this court is without jurisdiction to consider a notice filed subsequent to expiration of the statutory period. (*Hollister Convalescent Hosp., Inc.* v. *Rico, supra,* 15 Cal.3d 660.)

For the foregoing reasons, the appeal is dismissed. Husband to have his costs on appeal.

Woolpert, Acting P. J., Martin, J., and Best, J., concurred.