[No. A064439. First Dist., Div. Five. Apr. 18, 1994.]

MARIAH HUGHEY, a Minor, etc., Plaintiff and Appellant, v.
CITY OF HAYWARD et al., Defendants and Respondents.

**COUNSEL**

John T. Schreiber and Carl Jay Silberman for Plaintiff and Appellant.

Kincaid, Gianunzio, Caudle & Hubert, Gregory Michael Doyle, Steven E. McDonald, Abend, Lepper, Jacobson, Schaefer & Hughes and Gary M. Lepper for Defendants and Respondents.

OPINION

**THE COURT.**\*—On a motion to dismiss this appeal, we point out an inconsistency between rule 2(b) and rule 391 of the California Rules of Court which creates uncertainty as to the date of entry of an appealable order, and we urge the Judicial Council to address the problem.

This wrongful death action was submitted to judicial arbitration, which resulted in denial of plaintiff's claim. Plaintiff did not request a trial de novo, and judgment was entered on the arbitrator's ruling. The judgment is nonappealable. (Code Civ. Proc., § 1141.23.)

Plaintiff moved unsuccessfully to vacate the judgment. A minute order dated October 27, 1993, stated that the motion was denied and the parties "are so notified by a copy of this minute order via U.S. Mail." The minute order was not file-stamped.

█ The order denying the motion to vacate is appealable. (*Cabrera* v. *Plager* (1987) 195 Cal.App.3d 606, 609-610 [241 Cal.Rptr. 731].) Plaintiff filed a notice of appeal on January 3, 1994. The notice did not, however, specify the order denying the motion to vacate, but instead specified a subsequent order denying a motion for reconsideration. █ There is a split of authority as to whether an order denying reconsideration is appealable. (See, e.g., *Rojes* v. *Riverside General Hospital* (1988) 203 Cal.App.3d 1151, 1160-1161 [250 Cal.Rptr. 435] [nonappealable]; *Rabbitt* v. *Vincente* (1987) 195 Cal.App.3d 170, 174 [240 Cal.Rptr. 524] [appealable]; *Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005, 1010-1011 [183 Cal.Rptr. 594] [appealable].)

█ Putting aside for the moment the split of authority as to appealability of the order denying reconsideration, two issues are presented: (1) Does appeal lie from the minute order of October 27, or only from a subsequent *written* order denying the motion to vacate, which has not been rendered? (2) If appeal lies from the minute order, did the clerk's mailing of a copy of the order commence the 60-day appeal period prescribed by rule 2(a) of the California Rules of Court?

The first issue is addressed by rule 2(b)(2) of the California Rules of Court, which states that for the purposes of rule 2, prescribing the time for filing a notice of appeal, "The date of entry of an appealable order which is entered in the minutes shall be the date of its entry in the permanent minutes, unless such minute order as entered expressly directs that a written order be

---

\*Before Peterson, P. J., King, J., and Haning, J.

prepared, signed and filed, in which case the date of entry shall be the date of filing of the signed order."

Here, the minute order did not expressly direct the preparation of a written order. Thus, by the terms of rule 2(b)(2) of the California Rules of Court, the order denying the motion to vacate was entered on October 27, the date of its entry in the permanent minutes. The time to appeal from this order would expire upon the earliest of 60 days after notice of entry by the clerk or a party or 180 days after the date of entry. (Cal. Rules of Court, rule 2(a); see *In re Marriage of Adams* (1987) 188 Cal.App.3d 683, 688-689 [233 Cal.Rptr. 534].)

The matter is complicated, however, by new rule 391 of the California Rules of Court (adopted effective July 1, 1992), which requires a party prevailing on a motion to prepare and submit a proposed order. (In the present case, local rules impose similar requirements; see Super. Ct. Alameda County Rules, rules 10.2(a) and 10.8.) Because of rule 391, it is entirely unnecessary for a minute order to direct the preparation of a written order; rule 391 requires such preparation in every case "[u]nless the parties waive notice or the court orders otherwise." (Cal. Rules of Court, rule 391(a).)

Does California Rules of Court, rule 391 have any impact on rule 2(b)(2)? It might be argued that because rule 391 (like the present local rules) always requires preparation of a written order, making express direction in a minute order superfluous, the minute order should be deemed to have directed such preparation, so that the operative date of entry is the date of filing of a signed written order.

That approach, however, would read into California Rules of Court, rule 2(b)(2) something which is simply not there. The rule states clearly and precisely that the date of filing of a signed written order becomes the operative date only if the "minute order as entered expressly directs that a written order be prepared, signed and filed . . . ." Nothing in rule 391 suggests any intent to affect rule 2(b)(2). The plain language of the latter requires us to conclude that even though preparation of a written order is now contemplated in the ordinary course of events, the date of entry remains the date the order is entered in the permanent minutes unless the minute order expressly directs the preparation of a written order.

We acknowledge that this conclusion—which we find unavoidable—creates a trap for the unwary. Upon rendition of a minute order, a careless attorney, knowing that there will be a subsequent written order, might

assume—not unreasonably—that the time for appeal will begin to run after rendition of the written order. In fact, the time will have commenced to run upon notice of entry of the minute order. The result could be failure to file a timely notice of appeal. We urge the Judicial Council to delineate clearly the impact, if any, which California Rules of Court, rule 391 and similar local rules will have on rule 2. In the meantime, we advise counsel to heed the advice in an appellate practice treatise that "the safest approach is to assume . . . express direction is the *only* circumstance where filing of the signed written order becomes the operative date, and *not* to rely on CRC 391 or a similar local rule as a basis for changing the operative date from the date the minute order is entered . . . ." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 1993) ¶ 3:50.2, p. 3-18, original italics.)

Having concluded that the order denying the motion to vacate was entered on the date of its entry in the minutes, we come to the second issue, whether the notice of appeal was timely filed. It was. The superior court clerk mailed the parties a copy of the minute order, but that mailing did not commence the 60-day appeal period, because the document was not entitled "notice of entry" and was not file-stamped. (Cal. Rules of Court, rule 2(a).) Thus, the operative appeal period is 180 days after the date of entry. (Cal. Rules of Court, rule (2)(a)(3); see *In re Marriage of Adams*, *supra*, 188 Cal.App.3d at p. 689.) The notice of appeal was filed well within that period.

One problem remains. The notice of appeal specified not the order denying the motion to vacate, but the subsequent order denying reconsideration, as to which there is a split of authority on appealability. ██ We agree with *Rojes* v. *Riverside General Hospital*, *supra*, 203 Cal.App.3d at page 1161, which concluded that the better approach is to treat an order denying reconsideration as nonappealable, "to eliminate the possibilities that (1) a nonappealable order or judgment would be made appealable, (2) a party would have two appeals from the same decision, and (3) a party would obtain an unwarranted extension of time to appeal." However, because of our preference for appellate disposition on the merits rather than hypertechnicality, we shall deem the appeal as having been taken from the order denying the motion to vacate. (Cf. *Tillery* v. *Richland* (1984) 158 Cal.App.3d 957, 962 [205 Cal.Rptr. 191] [purported appeal from order denying new trial deemed to have been taken from judgment].)

The motion to dismiss the appeal is denied.