[No. B138624. Second Dist., Div. Four. Oct. 11, 2001.]

DAVID CUENLLAS, Plaintiff and Appellant, v.
VRL INTERNATIONAL, LTD., Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication as to part I only.

**COUNSEL**

Lawrence D. Murray and Troy Hanson for Plaintiff and Appellant.

Daar & Newman, Jeffery J. Daar and David Daar for Defendant and Respondent.

**OPINION**

**HASTINGS, J.**—Plaintiff David Cuenllas appeals from an order quashing service of summons in favor of defendant VRL International, Ltd. (respondent).

In the published portion of this opinion, part I, we address our jurisdiction to hear the appeal. We conclude that service of a minute order which notes the date of entry in the order but which is not *entitled* "notice of entry" does not trigger the 60-day time period for filing a notice of appeal provided for in California Rules of Court, rule 2(a). (All further rule references will be to the Cal. Rules of Court unless otherwise noted.) Rather, the 180-day time period contained within that rule applies, meaning this appeal was timely noticed.

In the unpublished portion of this opinion, part II, we address the merits of the appeal and we affirm the trial court.

## I. Was the Appeal Timely Noticed?

### Facts

Appellant, a resident of California, filed this action against multiple defendants for injuries he sustained in a jet ski accident in the ocean off the Bahamas. Appellant was on a business trip at the time and was staying as a guest at the Breezes Hotel in Nassau. He had rented the jet ski from an operator adjacent to the hotel property. Appellant filed an amendment to the complaint designating "Breezes Hotel as Defendant Doe 11." Process was then served on a law firm in the Bahamas, "Higgs & Kelly the Registered Office of [respondent] (doing business as Breezes Hotel)."

Respondent specially appeared and moved to quash service of summons for lack of personal jurisdiction.

On October 20, 1999, the trial court granted respondent's motion to quash with a minute order of the same date which contains the following notation: "Minutes Entered 10/20/99 County Clerk." It also states that a copy of the minute order was sent to each counsel of record that same date. The minute order did *not* reflect that a formal order be prepared and presented to the court for signature.

On October 29, 1999, counsel for appellant served a document titled "Judgment of Dismissal" on all counsel of record. It states that the court took the motion to quash under submission on October 13, 1999, and granted it on October 20, 1999.

The parties disputed the manner of "judgment" or order that should be entered to formally resolve the matter. Finally, on November 23, 1999, the court signed and entered a formal order, drafted by respondent's counsel, granting the motion to quash.

On January 20, 2000, appellant filed a notice of appeal which states that appellant "appeals . . . from the Judgement [*sic*] entered on November 23, 1999. . . ."

After the appeal had been perfected, respondent filed a motion to dismiss on the basis that the notice of appeal was untimely, more than 60 days from date of entry of the minute order, October 20, 1999. After receipt of opposition and a reply, we denied the motion.

Respondent's brief, in addition to discussing the merits, again urges that we are without jurisdiction to consider this appeal. We have readdressed the issue and we reach the same conclusion as before: that the appeal was timely noticed.

## *Discussion*

■ Rule 2(a) provides that the notice of appeal "shall be filed on or before the earliest of the following dates: (1) 60 days after the date of mailing by the clerk of the court of a document *entitled* 'notice of entry' of judgment; (2) 60 days after the date of service of a document *entitled* 'notice of entry' of judgment by any party upon the party filing the notice of appeal, or by the party filing the notice of appeal; *or* (3) *180 days after the date of entry of the judgment.*" (Italics added.)

Rule 2(b)(2) states: "The date of entry of an appealable order which is entered in the minutes shall be the date of its entry in the permanent minutes, *unless such minute order as entered expressly directs that a written order be prepared, signed, and filed,* in which case the date of entry shall be the date of filing of the signed order." (Italics added.) Thus, "[a]n unsigned minute order can form the basis of an appeal, unless it specifically recites that a formal order is to be prepared. . . . [Citations.]" (*In re Marriage of Lechowick* (1998) 65 Cal.App.4th 1406, 1410 [77 Cal.Rptr.2d 395], criticized on another point in *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1195-1196, fn. 11 [86 Cal.Rptr.2d 778, 980 P.2d 337].)

Significantly, rule 2(b) also states: "The fact that a written order is to be prepared under the provisions of rule 391 or a similar local rule *does not* constitute an express direction in the minute order that a written order be 'prepared, signed, and filed' within the meaning of (2) above." (Italics added.) As recognized in *Hughey v. City of Hayward* (1994) 24 Cal.App.4th 206, 209 [30 Cal.Rptr.2d 678], the plain language of rule 2(b) "requires us to conclude that even though preparation of a written order is now contemplated in the ordinary course of events, the date of entry remains the date the order is entered in the permanent minutes unless the minute order expressly directs the preparation of a written order." Here, that date was October 20, 1999.

The court in *Hughey* opined that the apparent contradictory provisions within rule 391 and rule 2(b)(2) create a potential "trap for the unwary. Upon rendition of a minute order, a careless attorney, knowing that there will be a subsequent written order, might assume—not unreasonably—that the time for appeal will begin to run after rendition of the written order. In fact, the

time will have commenced to run upon notice of entry of the minute order. The result could be a failure to file a timely notice of appeal." (*Hughey v. City of Hayward, supra*, 24 Cal.App.4th at pp. 209-210.) We agree with this assessment. But here the trap did not close before the notice of appeal was filed.

Rule 2(a) provides 180 days within which to notice an appeal *unless* a document notifying appellant of entry of the judgment or order is served either by the court or counsel and is titled "notice of entry." The minute order of October 20, 1999, served on all parties that same date, is not so titled. Nor was the document served by appellant on October 29 so titled. Thus, appellant had 180 days from October 20, 1999, to file his notice of appeal. The notice of appeal was timely filed on January 20, 2000, 92 days after entry of the minute order.

## II.   THE MERITS OF THE APPEAL*

. . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The order granting the motion to quash is affirmed. Costs on appeal are awarded to respondent.

Vogel (C. S.), P. J., and Curry, J., concurred.

---

*See footnote, *ante*, page 1050.