Filed 11/26/24  Washington v. Burson CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| MATTHEW WASHINGTON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JAMIE LATRICE BURSON et al.,<br><br>    Defendants and Respondents. | A168553<br><br>(Alameda County<br>Super. Ct. No. RG17881145) |

**MEMORANDUM OPINION[1]**

Plaintiff Matthew Washington appeals from an August 2023 minute order granting defendant Alameda-Contra Costa Transit District's (AC Transit) motion to enforce the parties' settlement agreement pursuant to Code of Civil Procedure section 664.6.[2]  At the outset of our review, it was apparent that Washington filed his notice of appeal from a nonappealable order.  "[A] reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion.' " (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307.)  Accordingly, we requested and received supplemental briefing from the

---

[1]  We resolve this case by memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.

[2]  Undesignated statutory references are to the Code of Civil Procedure.

1

parties to determine whether we had jurisdiction to review this appeal. We now conclude the appeal must be dismissed for lack of an appealable order.

This case arises from a vehicle collision involving a bus owned by AC Transit and a car driven by defendant Jamie Latrice Burson. Washington was a passenger on the bus. He sued Burson, AC Transit, and the bus driver, Elaine Simmons, for negligence. AC Transit and Burson cross-complained against each other for indemnification and other claims. Washington later stipulated to the dismissal of Simmons without prejudice.

In 2022, the remaining parties orally agreed to a settlement, whereby Burson and AC Transit would pay Washington a specified sum in exchange for a release of claims. After Washington failed to sign a release, AC Transit moved to enforce the settlement agreement pursuant to section 664.6. The trial court granted the motion. The resulting minute order directed Burson and AC Transit to dismiss their cross-complaints and pay Washington the agreed-upon settlement amounts, set a "compliance" hearing for October 2023, and stated the court would dismiss the action with prejudice "unless good cause is shown why the case should not be dismissed." This appeal followed.

"The right to appeal is wholly statutory." (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.) Section 904.1 "lists appealable judgments and orders" in civil cases. (*Dana Point Safe Harbor Collective,* at p. 5.) Section 904.1 codifies "the common law one-final-judgment rule," which provides that an appeal is only permitted from a final judgment that completely disposes of the matter. (*Walton v. Mueller* (2009) 180 Cal.App.4th 161, 172, fn. 9.) Interlocutory orders generally " ' "are not appealable, but are only 'reviewable on appeal' from the final judgment." ' " (*Wilson v. County of San Joaquin* (2019) 38 Cal.App.5th 1, 7.) Section 904.1

2

sets forth exceptions to the one final judgment rule by specifying the interlocutory orders that are appealable. (*City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 780, disagreed with on another ground by *Burrill v. Nair* (2013) 217 Cal.App.4th 357, 380–382.)

An order granting a motion under section 664.6 is not included among the appealable interlocutory orders listed in section 904.1. (§ 904.1, subd. (a)(1)–(14).) However, section 664.6 authorizes a trial court to enter a formal judgment pursuant to the terms of the settlement upon granting a motion to enforce the settlement. (*Hines v. Lukes* (2008) 167 Cal.App.4th 1174, 1182; § 664.6, subd. (a).) A judgment entered pursuant to section 664.6 is appealable. (*Critzer v. Enos* (2010) 187 Cal.App.4th 1242, 1251.)

Although AC Transit filed a "Notice of Entry of Judgment or Order" (some capitalization omitted) attaching the minute order granting its section 664.6 motion, no judgment appears in the record. Nevertheless, in determining whether an "order is interlocutory and nonappealable, or final and appealable," we disregard the order's form and analyze "the substance and effect of the adjudication." (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1293.) "If no issues in the action remain for further consideration, the decree is final and appealable. But if further judicial action is required for a final determination of the rights of the parties, the decree is interlocutory" and not appealable unless it is otherwise statutorily appealable. (*Ibid.*; see *Jackson v. Wells Fargo Bank* (1997) 54 Cal.App.4th 240, 244 ["no effect can or should be given to [a final judgment] label if the judgment does not *in fact* conclude matters between the parties"].)

Applying the foregoing principles, courts have held that "[a]bsent a formal entry of judgment, an appellate court may amend an order [granting a section 664.6 motion] to include a judgment if the effect of the order is to

3

finally determine the rights of the parties in the action." (*Hines v. Lukes, supra,* 167 Cal.App.4th at p. 1183; accord, *Critzer v. Enos, supra,* 187 Cal.App.4th at p. 1252.)

Citing *Hines* and *Critzer*, we asked the parties to address whether the order granting AC Transit's section 664.6 motion is appealable. Having considered the parties' supplemental briefs, we answer this question in the negative. In granting the section 664.6 motion, the trial court found that none of the settling parties had performed under the settlement agreement, as Washington failed to sign a release of claims and Burson and AC Transit had not paid him the agreed-upon settlement amounts. The court's order directed Burson and AC Transit to pay Washington the settlement amounts and set a date for a "compliance" hearing, stating that the court would dismiss the action with prejudice "unless good cause is shown why the case should not be dismissed." Thus, the order contemplated the possibility of a future dispute and left the issue of dismissal unresolved. From the register of actions included in the record, the court dismissed the action with prejudice approximately eight months later after issuing a tentative ruling and continuing the compliance hearing several times. As such, this is not a case in which the trial court left no issue for future consideration and merely failed to enter a formal judgment, allowing us to "amend the order to include an appealable judgment." (*Critzer v. Enos, supra*, 187 Cal.App.4th at p. 1246.) Accordingly, the order granting AC Transit's motion under section 664.6 did not finally dispose of the case and is therefore not appealable.

Washington does not persuade us otherwise. Most of his supplemental brief presents substantive challenges to the order granting AC Transit's section 664.6 motion. He dedicates one sentence to the appealability issue, summarily concluding the order is appealable under section 904.1.

4

We also observe that Washington's opening brief focuses almost entirely on a 2020 order granting AC Transit's motion for summary adjudication, yet his notice of appeal makes no mention of any order other than the order granting AC Transit's section 664.6 motion.[3]  Even if we could construe his notice of appeal as encompassing the trial court's summary adjudication order, we agree with AC Transit and Simmons, who filed a joint brief, that the appeal would be untimely.  The order granting the summary adjudication motion was dated February 13, 2020, and did not request that counsel prepare a formal order.  Under those circumstances, the time for filing a notice of appeal would have been 180 days after the February 13, 2020, entry date.  (Cal. Rules of Court, rule 8.104(a)(1)(C), (c)(2); *Cuenllas v. VRL International, Ltd.* (2001) 92 Cal.App.4th 1050, 1053–1054.)  Washington did not file his notice of appeal until August 22, 2023, long after the time to appeal the summary adjudication order had lapsed.

Since no appealable order or judgment is before us, we must dismiss this appeal.  (*In re Mario C., supra*, 124 Cal.App.4th at p. 1307.)

## DISPOSITION

The appeal is dismissed.  AC Transit and Simmons shall recover their costs on appeal.

---

[3] Washington's opening brief is unclear, but he also appears to challenge the stipulation dismissing Simmons without prejudice.  The stipulation likely did not result in an appealable judgment because it permitted Washington to revive his claims against Simmons.  (See *Don Jose's Restaurant, Inc. v. Truck Ins. Exchange* (1997) 53 Cal.App.4th 115, 118.)  In any event, his claims are forfeited for failing to present a cogent argument supported by relevant authority, and we would dismiss the appeal on that basis.  (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

 

 

_____

Langhorne Wilson, J.

We concur:

_____

Humes, P.J.

_____

Banke, J.