Filed 5/15/25  Marriage of Vijaykumar CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| In re the Marriage of SHREYAS VIJAYKUMAR and RIPAL VIJAYKUMAR SHREYAS. | |
| SHREYAS VIJAYKUMAR,<br><br>        Respondent,<br><br>v.<br><br>RIPAL VIJAYKUMAR SHREYAS,<br><br>        Appellant. | A169422<br><br>(San Mateo County<br>Super. Ct. No. 21-FAM-01626) |

**MEMORANDUM OPINION**[1]

In this family law proceeding, Ripal Vijaykumar Shreyas (Ripal) appeals from the denial of her request for an annulment on grounds of fraud. Ripal married Shreyas Vijaykumar (Shreyas) on July 7, 2021.  The two separated approximately one month later.  In September 2021, Shreyas filed a petition for dissolution of the marriage.  About five months after that, in February 2022, Ripal filed a response to the petition along with a request for annulment.  That same month, Shreyas filed a request for order, seeking sole

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration section 8.1.

1

possession of the family home. Ripal objected to the request for order, and both Shreyas' request for possession and Ripal's request for annulment were set for hearing in August 2022. After hearing evidence, the superior court denied Ripal's annulment request, and the parties agreed she would move out of the family home by November 1. The matter was continued for a status conference, and the parties were ordered to meet and confer regarding personal property.

In July 2023, the parties filed a stipulation and waiver stating the matter was uncontested; they waived various rights, including the right to appeal; and they would be submitting an agreement to the court for approval. A stipulated judgment of dissolution was filed July 27, with notice of entry given that same day.

Three months later, on October 30, 2023, the superior court filed findings and orders after hearing memorializing the rulings it had made the prior year, i.e., as to the Shreyas' possession of the family home and Ripal's request for annulment. Ripal filed a notice of appeal from the October 30 rulings on December 29, 2023.

"[D]issolution of marriage and nullity of marriage are premised on inconsistent contradictory harms suffered: Based on grounds that *arise after the marriage*, a dissolution action is brought to terminate a valid marriage; based on grounds that *arose prior to* the alleged marriage, a nullity action is brought to determine whether *a valid marriage ever existed*." (*In re Marriage of Garcia* (2017) 13 Cal.App.5th 1334, 1348.) "Very simply, 'a judgment of dissolution terminates a valid marriage,' whereas 'a judgment of nullity declares that the marriage was void from its inception.'" (*Ibid*.) "Thus, a judgment of nullity 'has been said to "relate back" and erase the marriage and all its implications from the outset.'" (*In re Marriage of Seaton* (2011)

2

200 Cal.App.4th 800, 807.)

Nevertheless, the stipulated judgment of dissolution entered by the court on July 27, 2023, is dispositive of this appeal. "[A] final decree of divorce conclusively determines, as between the parties thereto, that they were legally married; and this regardless of the true fact [citations] and seemingly despite the most flagrant fraud practiced by one of the parties. Such being the case, the decree of divorce may not be collaterally attacked by the parties thereto, and all the facts therein found or necessary to be found, such as the fact of marriage, are conclusive upon the parties in subsequent proceedings whether they pertain to divorce or not." (*Petry v. Petry* (1941) 47 Cal.App.2d 594, 595; accord, *Rediker v. Rediker* (1950) 35 Cal.2d 796, 801.)

In short, by *stipulating* to the judgment of dissolution, Ripal also *stipulated* to the validity of the marriage, which disposed of her claim for annulment. Or stated another way, the stipulated judgment was a final and conclusive judgment as to the parties' marital status. (See *In re Marriage of Van Sickle* (1977) 68 Cal.App.3d 728, 736 [in dissolution proceeding, court can separately decide and enter judgment that is final and conclusive as to parties' marital status].)

Had Ripal not also stipulated to forego an appeal from that final judgment, she would theoretically have had to file a notice of appeal within 60 days of notice of entry of the judgment—that is by September 26, 2023. (Cal. Rules of Court, rule 8.406(a)(1).) She did not do so, and "[o]nly a timely filed notice of appeal can invoke the jurisdiction of the appellate court." (*In re Marriage of Adams* (1987) 188 Cal.App.3d 683, 689.) Moreover, even had she done so, as a general rule, a stipulated judgment or order is not appealable. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 400 (*Norgart*).) This rule is based upon " 'the theory that by consenting to the judgment or order the

3

party expressly waives all objection to it, and cannot be allowed afterwards, on appeal, to question its propriety, because by consenting to it [she] has abandoned all opposition or exception to it.' "[2] (*Norgart,* at p. 400.)

In any case, Ripal also stipulated she would not appeal from the stipulated judgment of dissolution. Thus, she expressly agreed she would *not* challenge the validity or ramifications of that judgment which, as we have stated, became conclusive, upon entry, as to the parties' marital status. Accordingly, her purported appeal here, which necessarily challenges the validity and ramifications of that judgment, is subject to dismissal. (See *Pratt v. Gursey, Schneider & Co.* (2000) 80 Cal.App.4th 1105, 1108, 1112 [party can expressly waive right to appeal and where party does so, appeal will be dismissed].)

Ripal's appeal from the trial court's October 30, 2023, rulings do not permit her to circumvent the finality and conclusiveness of the stipulated judgment as to the parties' marital status. These rulings had no substantive import—all they did was memorialize *interlocutory* rulings the court had made the prior year. And even if the ruling reiterating the court's denial of her petition for annulment—which is the only ruling she challenges on appeal—were separately appealable as a post-judgment order (see Cal. Rules of Court, rule 8.108(a)–(e)), Ripal cannot succeed on the merits, given the

---

[2] There are several exceptions to the rule that no appeal may be taken from a stipulated judgment. First, where a judgment is void on its face due to a lack of fundamental jurisdictional power to hear or determine the case, an appeal may be heard. (*Reed v. Murphy* (1925) 196 Cal. 395, 399–400 ["a decree or judgment which is void upon its face is open to attack by anyone, including the parties thereto, even though they consented to its rendition"]. Second, an appeal may be taken from a stipulated judgment or order where the party agreed to the judgment or order for the express purpose of facilitating an appeal. (*Norgart, supra,* 21 Cal.4th at pp. 400–401.) Neither applies here.

4

stipulated judgment of dissolution.  As we have discussed that judgment conclusively and finally established the validity of the parties' prior marriage and therefore forecloses her claim of annulment.

## DISPOSITION

The order from which Ripal purports to appeal is AFFIRMED.  The parties shall each bear their own costs.

_____
Banke, J.

We concur:


_____
Humes, P. J.


_____
Langhorne Wilson, J.

A169422, In re Marriage Vijaykumar

6