Filed 4/24/26  Marriage of A.J. and C.J. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| In re the Marriage of A.J. and C.J. | |
| --- | --- |
| A.J., | D086285 |
| Appellant, | |
| v. | (Super. Ct. No. DN185356) |
| C.J., | |
| Respondent. | |


APPEAL from an order of the Superior Court of San Diego County, Deborah A. Cumba, Judge.  Affirmed.

A.J., in pro. per., for Appellant.

C.J., in pro. per., for Respondent.

A.J. appeals from an order of the family court terminating her spousal support.  As part of her appeal, she also challenges a subsequent order denying her motion for reconsideration.  We find no error and affirm the order terminating spousal support.

FACTUAL AND PROCEDURAL BACKGROUND

A.J. and C.J. were married for nearly 15 years and had two daughters born in 2005 and 2009.  In December 2015, A.J. filed a petition for dissolution of the marriage.  After several years of litigation, the parties entered into a stipulated judgment of dissolution as to property division, with the court reserving jurisdiction to decide the remaining issues.

After a one-day trial, the family court entered a 20-page judgment on all reserved issues in December 2018.  This judgment is not included in the record on appeal.  From the record, however, it appears that the judgment required C.J. to pay $500 per month in spousal support.

In 2024, the parties filed competing requests for orders (RFOs) regarding child and spousal support.  These RFOs are not included in the record on appeal.  According to the parties' responsive declarations, however, A.J. was asking the court to maintain and recalculate spousal support and C.J. was asking the court to terminate spousal support.

C.J. submitted an income and expense declaration dated July 17, 2024. For the previous 12 months, C.J. reported average monthly income of $12,363, no payments from pension or retirement funds, and no investment income.  He also reported an average monthly loss of $156 from a sole proprietorship, monthly rent of $2,397, and monthly payments of $752 on a loan from his 401(k) account for legal fees, with a remaining balance of $24,536.

In June 2024, A.J. submitted an income and expense declaration that is not included in the record on appeal.  It appears she submitted another income and expense declaration on October 15, 2024, which is also not included in the record on appeal.

On October 16, 2024, the family court held a hearing on the RFOs. After hearing arguments from the parties, the court terminated spousal support as of December 31, 2024.

In its oral ruling, the court first considered the findings made in the judgment of December 2018, including those regarding the statutory factors for determining spousal support under Family Code section 4320. The court also noted that the judgment included a *Gavron* warning to A.J. (See *In re Marriage of Gavron* (1988) 203 Cal.App.3d 705, 712 [requiring warning to supported spouse of expectation to become self-supporting].)

The court next considered the facts set forth in each party's income and expense declaration. The court noted that A.J. had received a master's degree in education in 2008; she had reduced earnings during the time she was raising the children; her current income was $6,606 per month; and she owned a two-bedroom condominium outright and was not paying a mortgage. The court also stated it was considering C.J.'s standard of living and ability to earn.

The court noted that C.J. had been paying spousal support for nine years; the parties had been married for nearly 15 years; and the goal was for the supported party to become self-supporting within a reasonable period of time. (See Fam. Code, § 4320, subd. (l) [factors court should consider include "[t]he goal that the supported party shall be self-supporting within a reasonable period of time"].) The court found that A.J. was in fact self-supporting because she had earnings of $6,606 per month and owned her condominium outright. With respect to A.J.'s testimony that she voluntarily provided support for her father and the oldest child who was by then an adult, both of whom lived with her, the court concluded that "spousal support is not intended to cover the needs of all of the relatives of the supported

3

party; rather, to provide for the supported party themselves." For all these reasons, the court terminated spousal support as of December 31, 2024.

Within ten days of this ruling, A.J. filed a request and an amended request for the court to reconsider its order terminating spousal support. These requests are not included in the record on appeal.

Before the hearing on A.J.'s motion for reconsideration, C.J. filed a request to quash subpoenas issued by A.J. for records of his Charles Schwab and Transamerica accounts. On February 5, 2025, the court held a hearing on the motion to quash. At the hearing, A.J. asserted that the records were relevant to her pending motion for reconsideration of the spousal support order and that C.J. had "intentionally lied on his income and expense declaration form and [this] affected the outcome of the ruling." When the court inquired of C.J., he explained that his Transamerica account was a 401(k) account and he was not taking any disbursements from it because he was not retired yet. As for the Charles Schwab account, C.J. explained that he did occasionally trade, but it was "not a significant part of my income" and "last year I believe on my tax form I lost $3,000 trading." He also stated that he was reporting a "small dividend" amount on his tax returns but was not asked for what year or when exactly the dividends were earned. The court granted C.J.'s request to quash the subpoenas.[1]

On March 12, 2025, the court held a hearing on the merits of A.J.'s motion for reconsideration of the spousal support order. The court asked A.J. what new or different facts existed under Code of Civil Procedure section 1008, subdivision (a). A.J. responded: "Well, [C.J.] has admitted under oath to providing false information on his income-and-expense form, and he lied regarding his assets, thereby substantiating this cause of action." The court

---

[1] A.J. does not challenge this ruling on appeal.

4

denied A.J.'s request for reconsideration on the ground that there were no new or different facts or law.

On April 9, 2025, A.J. filed a notice of appeal from the order of March 12, 2025 denying her request for reconsideration. In her civil case information statement, however, she identified the appeal as being from the order of October 16, 2024 terminating spousal support.

In July 2025, before any briefs were filed, we notified the parties that the order denying reconsideration was not separately appealable but was reviewable as part of an appeal from the underlying order. (Code Civ. Proc., § 1008, subd. (g).) Our order stated that we would deem the appeal as taken from the court's October 16, 2024 order terminating spousal support.[2] (*Hughey v. City of Hayward* (1994) 24 Cal.App.4th 206, 210; Cal. Rules of Court, rule 8.100(a)(2).)

## DISCUSSION

On appeal, A.J. argues that: (1) the family court should have granted her motion for reconsideration based on C.J.'s "sworn admission of perjury" on his income and expense declaration; (2) the court abused its discretion by terminating spousal support based on false financial information submitted by C.J.; (3) the order terminating spousal support was procured by fraud or perjury; (4) the court abused its discretion by failing to consider evidence that one of their daughters suffers from PTSD and both suffer from scoliosis; and

---

[2] A.J.'s notice of appeal was timely as to the October 16, 2024 order because it was filed within 180 days and the record contains no proof of service of either a notice of entry of the order or a file-stamped copy on A.J. (Cal. Rules of Court, rule 8.104(a)(1).)

(5) the court's errors violated her due process right to a meaningful opportunity to be heard.[3]

For several reasons, A.J. has failed to demonstrate error. First, she has failed to provide an adequate record on appeal. The record on appeal is missing all of the following: (1) the judgment of December 2018, which included a *Gavron* warning and Family Code section 4320 findings that the court subsequently considered in terminating spousal support on October 16, 2024; (2) the parties' RFOs for the October 16, 2024 hearing at which the court terminated spousal support; (3) A.J.'s motion and amended motion for reconsideration of the October 16, 2024 order; and (4) A.J.'s income and expense declarations, which the court also relied on in terminating spousal support.

"[I]t is a fundamental principle of appellate procedure that a trial court judgment [or order] is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment [or order]. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] . . . ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an

---

3     To the extent A.J. raised additional issues for the first time at oral argument, we decline to consider them. "We do not consider arguments that are raised for the first time at oral argument." (*Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1554, fn. 9.)

6

adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).)

We cannot evaluate A.J.'s claims of error without a full record of the materials submitted to and considered by the court in terminating spousal support and denying the motion for reconsideration. By failing to provide an adequate record, A.J. has failed to meet her burden to show error. (*Jameson, supra*, 5 Cal.5th at pp. 608–609.)

Second, the existing record does not support A.J.'s claims of error. Although she contends that C.J. admitted committing perjury on his income and expense declaration, she cites nothing in the record to support this assertion other than her own accusation at the hearing of March 12, 2025. Because A.J.'s October 2024 motion and amended motion for reconsideration are not part of the record on appeal, we cannot know what she was basing this claim on or what if any evidence she produced to support it. Nothing in the record before us demonstrates that C.J. committed perjury or admitted doing so. To the extent A.J. is relying on C.J.'s testimony at the February 5, 2025 hearing that he had earned a "small dividend" on his Charles Schwab investments, the record does not establish when he earned this dividend in relation to his July 2024 income and expense declaration. Moreover, C.J. also testified that he lost $3,000 trading stocks in 2024. Thus, C.J.'s February 5, 2025 testimony does not establish any materially false statement.

Likewise, the record does not support A.J.'s contention that the family court erred by refusing to consider evidence that her children suffer from PTSD and scoliosis. A.J. referred to her oldest daughter's PTSD only in her argument about *child* support at the hearing of October 16, 2024. She did not refer to her children's PTSD or scoliosis in arguments about *spousal* support at either of the two hearings on the issue. Although A.J. did assert in her

7

October 16, 2024 argument that C.J. was "not even coming to the surgery room when the kids have surgeries," she did not elaborate or explain how this was relevant to the issue of spousal support. And once again, the record does not include the moving papers for either of these hearings, so we cannot determine whether the children's PTSD or scoliosis was in fact asserted as a basis for A.J.'s requests as to spousal support.

Finally, even assuming any error, A.J. has failed to meet her burden of showing a reasonable probability it affected the result. (See *In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1051 [appellant must establish any error was prejudicial by showing reasonable probability of more favorable result].) The errors claimed by A.J. would not have affected the family court's findings that C.J. had already paid spousal support for nine years, A.J. had received a *Gavron* warning in 2018, and A.J. was in fact self-supporting by October 2024 based on her $6,606 monthly income and ownership of the condominium free and clear. A.J. does not mention any of these findings in her opening brief.[4] Because these unchallenged findings were the primary basis for the family court's ruling, A.J. has not shown that any error was prejudicial.

We therefore conclude that A.J. has failed to demonstrate any reversible error as to either the original order terminating spousal support or the order denying reconsideration. All of A.J.'s arguments are based on her unsupported claims that C.J. submitted false financial information and that the family court refused to consider her daughters' PTSD and scoliosis in terminating spousal support. Because A.J. cannot prevail on either of these

---

[4] Even if A.J. were challenging the family court's finding that she was self-supporting by October 2024, we could not evaluate the issue without reviewing the debts and expenses she claimed on her income and expense declarations, which are not included in the record on appeal.

contentions, her appellate arguments necessarily fail.  We therefore affirm the family court's order terminating spousal support.

DISPOSITION

The order terminating spousal support is affirmed.  Respondent is entitled to recover his costs on appeal.


BUCHANAN, Acting P. J.

WE CONCUR:


CASTILLO, J.


RUBIN, J.